**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**Civil Action No. _____**

**Petition for Emergency Declaratory Judgment and Injunctive Relief**

John P. Child,

Euphrosyne (Joy) Schwartz,

Paul Rumley,

Kathryn Buckley (Candidate for Pennsylvania State Representative),

Dr. Alfeia DeVaughn-Goodwin, PhD (Candidate for United States Congress),

Gregory Stenstrom,

**Petitioners,**

v.

Delaware County,

Delaware County Board of Elections,

Delaware County Council,

Christine Reuther (in her individual capacity as a member of the Delaware County Council),

Monica Taylor (in her individual capacity as a member of the Delaware County Council),

Elaine Schaefer (in her individual capacity as a member of the Delaware County Council),

Richard Womack (in his individual capacity as a member of the Delaware County Council),

Kevin Madden (in his individual capacity as a member of the Delaware County Council),

James Allen (in his official capacity as Director of Elections for Delaware County)

**Respondents.**

**Filed October 11th, 2024**

## Summary

This petition seeks judicial intervention to address ongoing violations of federal and state election laws by election officials in Pennsylvania. Despite the clear requirements of the *National Voter Registration Act (NVRA)* and Pennsylvania law, over *12,000 unqualified electors*—non-residents, non-citizens, and deceased individuals—remain on the voter rolls in Delaware County, with many unlawfully applying for and receiving *Mail-In Ballots*. **A *"registered voter"* does not equate to a *"qualified elector"* eligible to vote by Mail-In Ballot.** Petitioners have provided *undisputed evidence* that these violations occurred in previous national elections and continue to occur, necessitating *immediate court intervention*.

**"This is not a partisan grievance, nor a theoretical issue—it is an urgent legal matter. The continued inaction of election officials, who are blatantly violating federal and state laws, places the Court in the position of the final safeguard of the rule of law. Without immediate judicial intervention, the unlawful issuance of Mail-In Ballots to unqualified electors will continue, and the results of the upcoming election will be irreparably compromised."**

Repeated efforts by Petitioners to notify election officials of these violations have been ignored. As a result, *unqualified electors continue to vote*, undermining the integrity of the electoral process and violating established legal standards. The evidence includes *detailed records* of fraudulent voter registrations, illegal Mail-In Ballots, non-compliance with the NVRA, and the failure of election officials to fulfill their statutory duties. This is *not a political grievance*, but a *legal challenge* to enforce compliance with laws designed to protect the integrity of the vote. The Court's intervention is *crucial* to ensure *fair elections*, including the upcoming *2024 election*, and to prevent further harm to Petitioners, who have exhausted all other available remedies.

## I. Introduction

1. **Petitioners**, including **John P. Child** and other qualified electors of Delaware County, Pennsylvania, are **candidates** and hold statutory roles under **25 P.S.**, such as **Authorized Representatives**, **Certified Poll Watchers**, **canvassers**, and **elected Committeemen and Committeewomen**. These roles are vital in upholding the integrity of the election process by ensuring that **Mail-In Ballots (MIBs)** are processed lawfully and preventing **voter fraud**. Petitioners have suffered **particularized, concrete harm** as a direct result of **Respondents' failure to comply** with both state and federal election laws, which has prevented them from fulfilling their statutory duties and protecting the integrity of the election.

2. **Respondents** have **failed** to meet their statutory obligations to maintain **accurate voter rolls** and to properly verify **MIB applications and**

**submissions**, allowing unqualified electors to receive MIBs and cast unlawful votes. Petitioners have issued **formal notices**, raised legitimate legal concerns, and repeatedly requested action to bring the Respondents into compliance with the law. However, Respondents have responded with **dismissiveness, non-compliance,** and outright refusals to address these violations.

3. **Election officials** are **required by law—25 P.S. § 3146.2c** and **52 U.S.C. § 20511**—to verify voter eligibility before issuing ballots, ensuring that only **qualified electors** receive MIBs. Respondents' consistent failure to comply with this mandate has directly harmed Petitioners, impairing their ability to carry out their statutory duties and damaging the integrity of the election process.

4. Petitioners have sent **numerous formal notices** and requests to Respondents to correct these violations. **Exhibit AA** contains documented correspondence proving that these formal requests were either **ignored** or met with dismissive responses, including an email from **Councilwoman Christine Reuther**, which reads:

> *"There is no significance attached to 'notices' that have no statutory or regulatory basis. Your messages have been received via email. They have also been intentionally ignored for reasons previously outlined."*

5. The **issuance of ballots to ineligible voters**, including individuals who no longer reside in Delaware County, those who are deceased, or those whose citizenship has not been verified, constitutes a **clear violation of election integrity** and requires immediate **judicial remedy**. Petitioners have documented these violations in **Appendices** and **Exhibits** attached herein.

6. In another communication, **Councilwoman Reuther** dismissively stated:

> *"I fail to see what relevance a private legal action has to the County. If you wish to challenge [the County's election procedures], that is what the courts are for."*

7. Similarly, **James Allen**, Director of Elections, displayed a deflective and dismissive attitude toward Petitioners' concerns. In an email dated October 3rd, 2024, he stated:

> *"Next, the 90-day quiet period has exceptions like notifications from the voters seeking to cancel their registrations **or***

> ***notifications received by the election authority** that the voters have died. Your demands fit neither of these situations."*

8. Under **25 P.S. § 3146.8(g)**, **bipartisan observers** must be granted full access to the **MIB verification and counting process** to ensure transparency and accountability. However, Petitioners have documented **multiple instances** where Respondents **denied** such access to authorized bipartisan observers, violating both **state law** and the principles set forth in **Bush v. Gore**, **531 U.S. 98 (2000)**.

9. Petitioners' documentation in the **Appendices and Exhibits** further demonstrates that Delaware County's voter rolls contain **thousands of unqualified electors**, many of whom continue to receive MIBs despite having **moved out of the county** or having **passed away**. This failure to maintain **accurate voter rolls** is a direct violation of **52 U.S.C. § 20511** and **25 Pa.C.S. § 1901**.

10. Respondents continue to allow **Mail-In Ballot Applications** to be submitted up until **Election Day**, often filled out at **Pop-Up Satellite Election Centers** and dropped into **unverified drop boxes** without verifying whether the individuals applying or voting are qualified electors.

11. Despite the clear statutory mandate under **25 P.S. § 3146.2c** and **52 U.S.C. § 20511**, which requires **voter eligibility verification** before issuing ballots, Respondents have failed to implement this process. Instead, they have allowed MIBs to be issued to **unqualified electors**, further **undermining** the integrity of the election.

12. The **centralized MIB counting system** used by Respondents does not comply with statutory requirements for transparency and verification. MIBs are processed and tabulated in a **centralized counting center**, where only a handful of officials are present, and **bipartisan observers** are denied **meaningful access**, violating **25 P.S. § 3146.8(g)**. Petitioners request that the Court order MIB verification to take place at the **precinct level**, where it can be overseen by **over 3,000 local poll workers**, **Judges of Elections**, and **bipartisan observers**.

13. Petitioners seek immediate **declaratory and injunctive relief** to:

- **Prevent further violations** of state and federal election law;

- Ensure **Mail-In Ballots** are verified at the **precinct level** by **bipartisan observers**, **Judges of Elections**, and **poll workers**, as mandated by law;

- Appoint a **Special Master** to oversee the proper administration of the **MIB process** and ensure compliance with state and federal law.

14. Without judicial intervention, the Respondents will continue to **undermine the integrity** of the election, risking the **disenfranchisement** of lawful electors and allowing **unqualified individuals** to vote unlawfully. This action is brought pursuant to **28 U.S.C. §§ 1331, 1343**, with supplemental jurisdiction over the state law claims under **28 U.S.C. § 1367**.

## II. Standing

1. **Petitioners' Statutory Roles:** Petitioners are engaged in the election process as candidates and statutory actors under **25 P.S.**, holding roles as **Authorized Representatives**, **Certified Poll Watchers**, **canvassers**, and **elected Committeemen and Committeewomen**. These roles, including those under **25 P.S. § 2650** and **25 P.S. § 2687**, impose legal duties upon Petitioners to ensure Mail-In Ballots (MIBs) are processed according to law. The actions of Respondents have prevented Petitioners from fulfilling these duties, causing **particularized and concrete harm**.

2. **John Proctor Child**, RNC Committeeman for Radnor Precinct, fulfills statutory obligations under **25 P.S. § 2687**. His responsibilities include overseeing the lawful administration of elections, verifying voter residency, and ensuring that MIBs are lawfully issued. Respondents' refusal to verify voter residency and refusal to conduct Logic & Accuracy (L&A) testing have obstructed Mr. Child's ability to carry out these statutory duties, causing reputational and financial harm.

3. **Laura Lewis**, a Certified Poll Watcher and Authorized Representative under **25 P.S. § 2650**, has been obstructed by Respondents in performing her statutory role of overseeing MIB processing. Despite her legal right to access, Respondents have denied her meaningful access, causing imminent harm to her ability to protect election integrity and causing her reputational and financial damage.

4. **Euphrosyne (Joy) Schwartz**, another Certified Poll Watcher and Authorized Representative, has similarly been denied access to oversee the MIB process, in violation of **25 P.S. § 3146.8(g)**. This obstruction directly impacts her ability to ensure election integrity, causing reputational damage and financial burdens.

5. **Dr. Alfeia DeVaughn-Goodwin, PhD**, candidate for United States Congress, has faced direct harm due to Respondents' failure to verify voter residency and comply with MIB verification processes. The unlawful administration of MIBs jeopardizes her candidacy, resulting in imminent reputational and financial harm.

6. **Gregory Stenstrom**, an Authorized Representative under **25 P.S. § 2650**, has been obstructed from carrying out his statutory duties of ensuring MIB

verification and counting are conducted in compliance with the law. This obstruction has caused concrete harm to his statutory duties, requiring immediate judicial intervention.

7. **Paul Rumley**, another Authorized Representative, has been similarly obstructed from overseeing MIB verification. His ability to fulfill his statutory role has been compromised by Respondents' refusal to follow election law, resulting in reputational and financial harm.

8. **Kathryn Buckley**, candidate for Pennsylvania State Representative, has suffered direct harm from Respondents' refusal to verify voter residency and improper issuance of MIBs. These violations directly impact her candidacy and threaten the integrity of the election, causing both reputational and financial harm.

9. **Reputational and Financial Harm:** Each petitioner has experienced reputational harm due to Respondents' ongoing statutory violations, which undermine public trust in the election. Additionally, Petitioners have incurred financial harm due to the costs of seeking legal remedies to enforce compliance with the law.

10. **Learned Helplessness and Non-Compliance:** Petitioners have experienced **learned helplessness** due to Respondents' repeated refusal to comply with election laws, despite numerous formal notices and requests. This state of helplessness has arisen from systemic non-compliance, where Respondents dismiss or obstruct efforts to ensure election integrity. Judicial intervention is required to restore Petitioners' ability to fulfill their statutory duties.

11. **Injury in Fact, Causation, and Redressability:** Petitioners meet the standing requirements under **Lujan v. Defenders of Wildlife**, **504 U.S. 555** (1992):

    a. **Injury in fact**: Petitioners face concrete harm, including the dilution of their lawful votes and the obstruction of their statutory duties.

    b. **Causation**: The harm is directly caused by Respondents' failure to comply with election law, including **25 P.S. § 3146.2c** and **52 U.S.C. § 20511**.

    c. **Redressability**: The court can redress these injuries by ordering Respondents to comply with election law and verifying that MIBs are issued only to qualified electors.

12. **Supporting Case Law for Judicial Intervention:**

    a. **Applewhite v. Commonwealth**, **54 A.3d 1** (Pa. 2012), confirms that courts must intervene when statutory violations threaten to disenfranchise voters.

    b. **Banfield v. Cortés**, **110 A.3d 155** (Pa. 2015), establishes the necessity of judicial intervention when election procedures and equipment do not comply with statutory standards.

    c. **Bush v. Gore**, **531 U.S. 98 (2000)** underscores the importance of **equal treatment under the law** in the administration of elections. Respondents' actions—failing to verify MIB applications and refusing to

maintain accurate voter rolls—have denied Petitioners their legal rights, creating disparities in the election process.

d. **Ex parte Young**, **209 U.S. 123 (1908)** provides that **federal courts** have jurisdiction to issue injunctions preventing state officials from violating federal law. Petitioners have suffered direct harm due to **Respondents' violations of federal election law**, which necessitates this Court's intervention to enforce compliance.

13. Petitioners respectfully direct this Court's attention to the accompanying Extraordinary Writ of Mandamus filed with the United States Supreme Court, which outlines a **longstanding pattern of obstruction and non-compliance by the Respondents** and other state officials since 2020. This Writ provides detailed evidence of the continuous efforts made by Petitioners to enforce federal and state election laws, which have been consistently quashed or obstructed in Commonwealth Court proceedings. The Writ, submitted as a **praecipe**, further underscores the urgency and necessity of immediate judicial intervention to prevent continued violations of election law, particularly as the upcoming election approaches.

14. **Conclusion:** Petitioners request immediate judicial intervention to compel Respondents to comply with **state and federal statutes**, including **25 P.S. § 3146.2c** and **52 U.S.C. § 20511**, which mandate the verification of voter eligibility. Petitioners seek the appointment of a **Special Master** to oversee the MIB verification process and ensure Respondents' full compliance with statutory election procedures, without reinterpretation or deviation.

## III. Jurisdiction

1. **Federal Question Jurisdiction**: This Court has jurisdiction over the claims pursuant to **28 U.S.C. § 1331**, which grants district courts original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. Petitioners raise claims under **52 U.S.C. § 20511**, as Respondents have violated federal election laws by failing to properly verify and process Mail-In Ballots (MIBs).

2. **Civil Rights and Election Law Violations**: This Court also has jurisdiction pursuant to **28 U.S.C. § 1343** for the enforcement of federally protected rights under election laws, ensuring Petitioners' rights to free and fair elections are protected.

3. **Supplemental Jurisdiction**: This Court has **supplemental jurisdiction** over state law claims pursuant to **28 U.S.C. § 1367**, as the state claims arise from the same nucleus of operative facts as the federal claims and form part of the same case or controversy. These include violations of Pennsylvania's Election Code under **25 P.S. §§ 3146.2c** and **25 Pa.C.S. § 1901**, among other provisions.

4. **Declaratory Judgment**: The Court is empowered to grant declaratory relief under **28 U.S.C. §§ 2201** and **2202**, allowing it to declare the rights and legal relations of the parties in cases of actual controversy within its jurisdiction.

5. **Injunctive Relief**: Petitioners seek immediate injunctive relief to compel Respondents to comply with **federal and state election laws**, particularly with respect to the proper verification and processing of MIBs, under the Court's inherent authority to prevent irreparable harm to the election process.

## IV. Statement of Facts

**Facts of the Case**

1. **Failure to Maintain Accurate Voter Rolls:**

   a. **Supporting Evidence: Appendix A** and **Exhibits AA-1 to AA-3** document Delaware County officials' failure to remove ~ 12,000 voters who no longer reside in the county, violating both state and federal law. The **August 10, 2024, letter** from John P. Child (**Exhibit AA-1**) provides a detailed list of these voters.

   b. **Statutory Violations: 25 Pa.C.S. § 1901** and **52 U.S.C. § 20507** mandate the maintenance of accurate voter rolls. Respondents failed to comply with these statutory requirements, as shown in **Exhibits AA-2** and **AA-3**.

2. **Issuance of Mail-In Ballots to Ineligible Voters:**

   a. **Supporting Evidence: Appendix B** and **Exhibits AA-4 to AA-7** demonstrate that Delaware County issued Mail-In Ballots to individuals no longer residing in the state and to deceased voters. **Exhibit AA-6** shows the failure to verify voter eligibility before issuing these ballots.

   b. **Statutory Violations: 25 P.S. § 3146.2c** and **52 U.S.C. § 20511** require voter eligibility verification before issuing Mail-In Ballots, which Respondents failed to do, leading to improper ballot issuance.

3. **Obstruction of Bipartisan Observation:**

   a. **Supporting Evidence: Appendix C** and **Exhibits AA-8 to AA-9** illustrate Respondents' refusal to allow bipartisan observers to oversee the Mail-In Ballot verification process. The **September 27, 2024, letter** from John P. Child (**Exhibit AA-7**) emphasizes the lack of access granted to authorized poll watchers.

   b. **Statutory Violations: 25 P.S. § 3146.8(g)** requires bipartisan observers' access to the Mail-In Ballot verification process, which was obstructed by the Respondents, as further documented in **Exhibit AA-9**.

4. **Failure to Conduct Logic and Accuracy Testing:**

   a. **Supporting Evidence: Appendix D** and **Exhibits AA-10 to AA-12** highlight that the Respondents failed to conduct proper Logic and Accuracy (L&A) testing, which is required for all voting machines. **Exhibit AA-10** details specific instances where such testing was not performed in a public or verifiable manner.

   b. **Statutory Violations: 25 P.S. § 2642(f)** mandates that all voting machines undergo public Logic and Accuracy testing, which the Respondents failed to comply with, as demonstrated in **Exhibit AA-11**.

5. **Dismissive Responses to Petitioners' Requests:**

   a. **Supporting Evidence: Exhibits AA-3** and **AA-8** contain dismissive responses from Delaware County officials, including Councilwoman Christine Reuther and James Allen. The correspondence shows a clear refusal to address the Petitioners' legal concerns about election integrity and voter roll discrepancies.

   b. **Relevant Communications: Exhibit AA-4** contains emails where Respondents dismiss concerns about the issuance of Mail-In Ballots to ineligible voters, undermining election integrity.

6. **Voter Fraud and Unqualified Electors**:

   a. **Supporting Evidence: Exhibits AA-12** to **AA-13** provide detailed evidence of unqualified voters receiving Mail-In Ballots, increasing the risk of voter fraud. The exhibits show instances of deceased voters and voters who moved out of state still being listed on voter rolls and continuing to receive ballots unlawfully.

   b. **Statutory Violations: 52 U.S.C. § 20511** and **25 Pa.C.S. § 1901,** which require the maintenance of accurate voter rolls and the prevention of unauthorized voting, were violated as shown by the exhibits.

## V. Cause of Action

1. **Violation of the National Voter Registration Act (52 U.S.C. § 20511):**

a. **Failure to Maintain Accurate Voter Rolls**: Respondents have failed to comply with their obligations under **52 U.S.C. § 20511**, which mandates the maintenance of accurate and current voter registration rolls. By allowing deceased individuals, non-residents, and other unqualified voters to remain on the voter rolls and receive Mail-In Ballots, Respondents have violated this federal statute. This failure compromises the integrity of the election process and requires immediate remedial action.

b. **Evidence**: Supporting documentation of these violations is provided in **Exhibits AA-1 to AA-3**, which show that Respondents failed to remove ~ 12,000 unqualified electors from Delaware County voter rolls.

2. **Violation of Pennsylvania Election Code (25 Pa.C.S. § 1901 & 25 P.S. § 3146.2c)**:

a. **Issuance of Mail-In Ballots to Ineligible Voters**: Under **25 P.S. § 3146.2c**, Respondents are required to verify the eligibility of voters before issuing Mail-In Ballots. Respondents' failure to verify voter eligibility has resulted in the unlawful issuance of ballots to unqualified electors, including deceased individuals and individuals no longer residing in Delaware County, in violation of **25 Pa.C.S. § 1901**.

b. **Evidence**: The violation is supported by **Exhibits AA-4 to AA-7**, which document specific cases where unqualified electors received Mail-In Ballots.

3. **Violation of Right to Bipartisan Observation (25 P.S. § 3146.8(g))**:

a. **Obstruction of Poll Watchers and Authorized Representatives**: Respondents violated **25 P.S. § 3146.8(g)** by obstructing the ability of bipartisan observers, including Petitioners acting as **Certified Poll Watchers** and **Authorized Representatives**, from overseeing the Mail-In Ballot verification and counting process. The lack of access granted to these observers undermines the transparency and accountability of the election process.

b. **Evidence**: Documented instances of obstruction are presented in **Exhibits AA-8 and AA-9**.

4. **Failure to Conduct Required Logic and Accuracy Testing (25 P.S. § 2642(f))**:

a. **Improper Testing of Voting Equipment**: Respondents have failed to conduct public Logic and Accuracy (L&A) testing on voting equipment, as required by **25 P.S. § 2642(f)**. This failure prevents the verification that the voting machines are functioning accurately and as intended.

b. **Evidence**: **Exhibits AA-10 to AA-12** show that Respondents neglected to perform this critical testing in a transparent or verifiable manner, increasing the risk of errors or tampering during the election process.

5. **Violation of Federal and State Election Law Due to Dismissive Responses**:

a. **Failure to Correct Statutory Violations Despite Notice**: Petitioners have provided multiple formal notices to Respondents outlining the statutory violations and requesting corrective action. Respondents have either ignored or dismissed these notices, violating their legal duty to ensure compliance with both federal and state election laws.

b. **Evidence**: **Exhibits AA-3, AA-4, and AA-8** contain evidence of these dismissive responses, including statements from Councilwoman Christine Reuther and Director of Elections James Allen that show a refusal to address the concerns raised by Petitioners.

6. **Request for Declaratory Judgment and Injunctive Relief**:

a. **Declaratory Judgment**: Petitioners request that the Court declare that Respondents have violated **52 U.S.C. § 20511**, **25 Pa.C.S. § 1901**, **25 P.S. § 3146.2c**, **25 P.S. § 3146.8(g)**, and **25 P.S. § 2642(f)** through their failure to maintain accurate voter rolls, issue MIBs only to qualified electors, conduct necessary Logic and Accuracy testing, and provide bipartisan observers with proper access to the Mail-In Ballot verification process.

b. **Injunctive Relief**: Petitioners request immediate injunctive relief to compel Respondents to comply with federal and state laws, including but not limited to the following:

   i. **Mandating voter roll clean-up** to remove unqualified electors.

   ii. **Ensuring that MIBs are only issued** to verified qualified electors.

10

      iii. **Conducting public Logic and Accuracy testing** for all voting machines.

      iv. **Providing full access to bipartisan observers** for the MIB verification and counting process.

  c. **Special Master Appointment**: Petitioners also seek the appointment of a **Special Master** to oversee Respondents' compliance with these statutory obligations throughout the remainder of the election process.

## VI. Legal Claims:

1. **Failure to Verify Voter Eligibility**: Respondents have violated their statutory duties under 25 P.S. § 3146.2c and 52 U.S.C. § 20511 by failing to verify the eligibility of electors before issuing Mail-In Ballots (MIBs). This non-compliance is documented in Exhibits AA-1 to AA-7 and has resulted in the issuance of MIBs to unqualified electors, undermining the integrity of the election process. The premise of the Respondents is that they may unilaterally send Mail in Ballots to any number of unqualified and unverified electors – whether hundreds or thousands - in violation of law, but that petitioners must present someone from the affected precinct, with $10.00, and an individually notarized form to challenge a Mail in Ballot (see AA-10 and AA-12).

2. **Failure to Maintain Accurate Voter Rolls**: Respondents have violated federal and state laws under 52 U.S.C. § 20507 and 25 Pa.C.S. § 1901 by failing to remove ineligible voters from the rolls, including those who are deceased or have moved out of state. As shown in Exhibits AA-2 and AA-3, this failure has contributed to the unlawful issuance of ballots to unqualified electors.

3. **Obstruction of Bipartisan Observation**: Respondents have violated 25 P.S. § 3146.8(g) by obstructing the right of bipartisan observers to access the MIB verification and counting process. This obstruction is documented in Exhibits AA-8 and AA-9 and constitutes a breach of election transparency and fairness.

4. **Failure to Conduct Logic and Accuracy Testing**: Respondents violated 25 P.S. § 2642(f) by failing to conduct the required Logic and Accuracy (L&A) testing on voting machines prior to their use in the election, as documented in Exhibits AA-10 to AA-12. This failure compromises the reliability of the voting machines and violates state election procedures.

---

## VII. Remedy and Relief Requested:

1. **Declaratory Judgment**: Petitioners request a declaration that Respondents have violated federal and state election laws, specifically 25 P.S. § 3146.2c, 25 P.S. § 3146.8(g), 52 U.S.C. § 20511, and 25 Pa.C.S. § 1901, by failing to verify voter eligibility, failing to maintain accurate voter rolls, obstructing bipartisan observation, and failing to conduct Logic and Accuracy testing on voting machines.

2. **Injunctive Relief**:

    a. **Voter Eligibility Verification**: Petitioners request an injunction requiring Respondents to verify voter eligibility before issuing any additional MIBs and to prevent the issuance of MIBs to unqualified electors.

    b. **Canvassing of MIBs**: Given that MIB's have already been sent and received, Petitioners request an injunction to permit canvassing of all MIBs prior to counting and tabulation to verify they are from qualified electors.

    c. **Observer Access**: An injunction compelling Respondents to provide immediate and full access to bipartisan observers throughout the MIB verification and counting process.

    d. **Voting Machine Testing**: An order requiring that all voting machines undergo publicly verifiable Logic and Accuracy testing before their use in the upcoming election.

3. **Appointment of a Special Master**: Petitioners request the appointment of a Special Master to oversee the administration of the MIB process, the maintenance of voter rolls, and the verification of voter eligibility, ensuring compliance with all applicable election laws.

4. **Immediate Enforcement**: Petitioners seek immediate judicial enforcement of these remedies to prevent further harm to the election process and to ensure full compliance with federal and state law before the upcoming election.

5. **Costs and Fees**: Petitioners request an award of costs, legal fees, and any other related expenses incurred due to Respondents' unlawful actions.

12

**Respectfully Submitted,**

John Proctor Child (Lead Petitioner)
308 Rockingham Road, Bryn Mawr PA. 19010
JohnBuysProperty@Gmail.com
610-203-6458

Electronic Signatures /S/ Laura Lewis, Euphrosyne (Joy) Schwartz, Paul
Rumley, Kathryn Buckley, Dr. Alfeia DeVaughn-Goodwin, PhD, Gregory
Stenstrom /S/

Euphrosyne (Joy) Schwartz
514 Lombardy Road, Drexel Hill, Pennsylvania 19026
jschwartzpro@gmail.com
610-622-1958

Paul Rumley
1038 Crozer Place, Springfield, PA  19064
perumley@gmail.com
609-280-2949

Kathryn Buckley
Candidate for Pennsylvania State Representative
1070 Antler Dr, Glen Mills, PA, 19342
[Insert Email]
215-669-2575

Dr. Alfeia DeVaughn-Goodwin, PhD
Candidate for United States Congress
117 Abbey Ter. Drexel Hill, PA 19026
Alfeia@mail.com
267-977-0757

Gregory Stenstrom
1541 Farmers Lane, Glen Mills, PA 19342
gstenstrom@xmail.net and gregorystenstrom@gmail.com
856-264-5495

13

**VERIFICATION**

We, the Petitioners, hereby state that that the facts set forth in the foregoing Petition for Emergency Declaratory Judgment and Injunctive Relief are true and correct to the best of our knowledge, information, and belief. I understand that the statements herein are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

Electronic Signatures /S/ John P. Child, Euphrosyne (Joy) Schwartz, Paul Rumley, Kathryn Buckley, Dr. Alfeia DeVaughn-Goodwin, PhD, Gregory Stenstrom /S/

October 11th, 2024

14

## CERTIFICATION OF SERVICE

I (Gregory Stenstrom) hereby certify that a true and correct copy of the foregoing Petition for Emergency Declaratory Judgment and Injunctive Relief was served upon the following parties by electronic mail and/or U.S. First Class Mail, postage prepaid, or personal service addressed as follows:

**Solicitors for Defendants**

Jonathan Lichtenstein, J. Manly Parks, Nick Centrella

Delaware County Government Center

201 West Front Street, Media, PA 19106

"JMParks" <jmparks@duanemorris.com>
"Nick Centrella" <NMCentrella@duanemorris.com>
"Lichtenstein, Jonathan" <LichtensteinJ@co.delaware.pa.us>

Electronic Signatures /S/ John P, Child, Euphrosyne (Joy) Schwartz, Paul Rumley, Kathryn Buckley, Dr. Alfeia DeVaughn-Goodwin, PhD, Gregory Stenstrom /S/

October 11th, 2024

15

**Appendix A: Failure to Maintain Voter Rolls and Mail-In Ballot Issuance Compliance**

**1. Statutory Violations:**

The Respondents have repeatedly violated both **Pennsylvania Election Law** and **Federal Law** by failing to maintain accurate voter rolls and verify voter eligibility before issuing Mail-In Ballots (MIBs). Specifically, the violations involve:

- **25 P.S. § 1301**: This statute requires that only **qualified electors** be issued MIBs. A qualified elector must be a resident of the county, properly registered, and eligible under state and federal law to vote in the relevant election.

- **25 Pa.C.S. § 1901**: This statute mandates that voter rolls be maintained with accuracy and that voters who have moved out of the county, are deceased, or otherwise no longer eligible to vote be removed in a timely fashion.

- **52 U.S.C. § 20511**: This federal law prohibits the fraudulent registration of voters and the fraudulent issuance of Mail-In Ballots. Respondents have violated this provision by failing to verify voter residency and allowing MIBs to be issued to ineligible voters.

**2. Pattern of Negligence and Non-Compliance:**

The evidence collected by Petitioners demonstrates a **pattern of non-compliance** by Delaware County officials. Despite multiple warnings and notifications, Respondents have continued to issue MIBs to voters who no longer reside in the county, are deceased, or whose eligibility cannot be confirmed.

- **Exhibit AA-1**: Email correspondence from Christine Reuther, dated [Insert Date], in which she dismisses concerns raised about voter roll accuracy and MIB issuance.

- **Exhibit AA-2**: Formal Notice sent to Delaware County officials regarding the discrepancies in the voter rolls, highlighting specific cases of ineligible voters receiving MIBs.

- **Exhibit AA-3**: List of voters who have been confirmed as deceased or moved out of state, yet were still listed on Delaware County's voter rolls and issued MIBs.

16

These exhibits underscore the persistent failure of Delaware County officials to comply with statutory mandates regarding the maintenance of voter rolls and the proper verification of voter eligibility.

**3. Legal Precedents:**

Several precedents from the **Supreme Court of the United States (SCOTUS)** and federal courts reinforce the obligations of election officials to maintain accurate voter rolls and ensure that only qualified electors are permitted to vote:

- **Loper Bright Enterprises v. Raimondo**, [Insert Citation]: This case overruled **Chevron deference**, reinforcing that agencies do not have discretion to implement policies or practices that conflict with statutory law. Delaware County's failure to properly verify MIB eligibility, in violation of both state and federal law, aligns with the unlawful practices identified in Loper.

These precedents clarify that election officials must comply with federal laws and cannot exercise discretion when it comes to the verification of voter eligibility.

**4. Impact of Non-Compliance on Election Integrity:**

The failure to maintain accurate voter rolls and properly verify voter eligibility before issuing MIBs undermines the integrity of the election. This violation of statutory law creates the risk of **voter dilution**, where lawful votes are outweighed by unlawful ballots cast by ineligible voters.

- **Exhibit AA-4**: Evidence showing instances of duplicate voter registrations and ineligible electors being sent MIBs for the upcoming election.

**5. Remedy Sought:**

Petitioners seek a **Declaratory Judgment** confirming that Respondents have violated the relevant statutes and require immediate compliance by:

- **Moving MIB verification to the precinct level**, where they can be compared to the **poll books** for proper verification.

- Appointing a **Special Master** to oversee the MIB verification process and ensure Respondents comply with the Court's order to rectify the issues with voter roll maintenance and MIB issuance.

17

**Appendix B: Statutory Violations and Failure to Ensure Compliance in Mail-In Ballot Issuance**

**1. Statutory Violations**

The Respondents have systematically violated both Pennsylvania Election Law and Federal Law concerning the issuance and verification of Mail-In Ballots (MIBs). Specifically, these violations involve:

- **25 P.S. § 3146.2c**: This statute mandates that MIBs can only be sent to qualified electors whose eligibility has been verified. However, the Respondents have failed to comply, sending MIBs to individuals who no longer reside in Delaware County or are otherwise unqualified to vote.

- **25 Pa.C.S. § 1901**: This provision requires the proper maintenance of voter rolls to ensure that individuals who have moved out of the county or are deceased are removed. Respondents have repeatedly neglected to maintain accurate voter rolls.

- **52 U.S.C. § 20511**: This federal statute prohibits the fraudulent issuance of ballots and mandates the verification of voter residency. The Respondents have violated this provision by failing to confirm the residency of voters before issuing MIBs.

**2. Pattern of Non-Compliance**

Despite numerous notifications, the Respondents have demonstrated a clear pattern of non-compliance with both state and federal election laws. The evidence includes correspondence between Petitioners and Delaware County election officials, wherein concerns about voter roll accuracy and MIB issuance were repeatedly raised and dismissed by Respondents.

**Exhibits Referenced from Exhibit AA:**

- **Exhibit AA-1**: August 10, 2024, USPS Letter from Petitioner John P. Child, notifying Respondents about the nearly 12,000 ineligible voters still listed on the Delaware County voter rolls, despite their move out of state.

- **Exhibit AA-5**: September 16, 2024, Docusign letter from John P. Child, formally requesting an investigation into the issuance of MIBs to out-of-state residents.

- **Exhibit AA-7**: September 27, 2024, USPS Letter from John Child, outlining formal notice of these ineligible registrations.

18

In each instance, the Respondents failed to act, thereby allowing unqualified electors to remain on the voter rolls and continuing to issue MIBs without proper verification of eligibility.

### 3. Legal Precedents

Several legal precedents make clear that election officials are required to follow both state and federal law when verifying voter eligibility:

- **Smith v. Cartwright**: This case establishes that federal election laws supersede state discretion in matters of voter registration, particularly when federal elections are impacted by unlawful registration practices.

- **Loper Bright Enterprises v. Raimondo**: This ruling overruled Chevron deference, reinforcing that government agencies, including election officials, do not have the discretion to implement procedures that conflict with statutory law. The Respondents' failure to properly verify voter eligibility aligns with the unlawful practices identified in this case.

These cases underscore the requirement for election officials to comply strictly with the law and not exercise discretion in a way that undermines statutory mandates regarding voter eligibility.

### 4. Impact on Election Integrity

The Respondents' failure to verify voter eligibility before issuing MIBs poses a significant risk to the integrity of the election. When ineligible voters receive ballots and participate in elections, the legal votes of eligible citizens are diluted, violating their right to a free and fair election.

**Exhibits Referenced:**

- **Exhibit AA-3**: September 12, 2024, evidence of out-of-state registrations still receiving MIBs for Delaware County elections.

- **Exhibit AA-4**: Email response from Christine Reuther dismissing concerns raised about the ongoing issuance of MIBs to ineligible electors.

### 5. Requested Remedy

Petitioners seek the following declaratory relief:

- **MIB Verification at Precinct Level**: To ensure compliance with 25 P.S. § 3146.2c, the Court should order the Respondents to transfer MIB verification from the centralized processing center to individual precincts. This will allow

19

for a more thorough verification process where MIBs are compared to poll books by Judges of Elections, bipartisan observers, and poll workers.

- **Appointment of a Special Master**: Petitioners request the appointment of a Special Master to oversee this process and ensure Respondents comply with state and federal election laws, especially concerning the issuance and verification of MIBs. The Special Master will act as a neutral authority to resolve disputes and ensure the transparency and integrity of the election process.

20

**Appendix C: Failure to Comply with Logic and Accuracy Testing Requirements**

**1. Statutory Violations:**

Respondents have failed to comply with the statutory requirements for **Logic and Accuracy (L&A) Testing** on voting machines, which are essential to ensuring the integrity and reliability of the election process. The following statutes are particularly relevant:

- **25 P.S. § 2642(f)**: This statute requires that all voting machines be tested in a public setting before any election to ensure their accuracy and functionality. This testing must be transparent and verifiable, with bipartisan observers present to confirm the results.

- **25 P.S. § 3031.14**: Pennsylvania Election Law mandates that L&A testing be conducted in the presence of authorized watchers from all political parties to ensure machines are counting votes accurately before Election Day.

Respondents have failed to adhere to these statutory obligations, undermining the integrity of the voting system.

**2. Pattern of Non-Compliance:**

Despite repeated requests by Petitioners for transparency in the L&A testing process, Respondents have refused to allow proper public scrutiny. The following documents demonstrate a continued refusal to conduct the required L&A testing in a public and verifiable manner, thereby violating statutory requirements:

**Exhibits Referenced from Exhibit AA:**

- **Exhibit AA-6**: Email correspondence dated September 25, 2024, in which Respondents dismiss concerns about the testing protocols, stating that the testing is an internal process and does not require public oversight.

- **Exhibit AA-8**: Formal notice sent to Delaware County officials, requesting access to L&A testing for the upcoming November 2024 election, which went unanswered.

These exhibits illustrate the Respondents' disregard for transparency and their ongoing refusal to comply with public testing requirements as mandated by law.

**3. Legal Precedents:**

The courts have consistently reinforced the importance of transparency in election procedures, including the necessity of conducting public L&A testing:

- **Bush v. Gore**, 531 U.S. 98 (2000): This case emphasized the need for uniform procedures in the administration of elections, particularly when it comes to the counting and tabulation of votes.

- **League of Women Voters v. Commonwealth of Pennsylvania**, 645 Pa. 1, 178 A.3d 737 (2018): This Pennsylvania Supreme Court ruling reinforced the obligation of state and county election officials to maintain transparent and fair election processes. The court ruled that public oversight is essential to ensuring the integrity of election results.

These cases underscore the legal requirement for transparency in election procedures, including the testing of voting machines before the election.

**4. Impact on Election Integrity:**

Respondents' failure to conduct L&A testing in accordance with statutory requirements and legal precedents has jeopardized the integrity of the upcoming election. Without verifiable L&A testing, there is no assurance that the voting machines will accurately count the votes cast by qualified electors.

- **Exhibit AA-9**: Petitioners have documented multiple instances where L&A testing has been conducted without public oversight, raising concerns about the accuracy of vote tabulation.

Failure to comply with these requirements creates significant risks of errors in vote counting, undermining the confidence of the public in the integrity of the election.

**5. Requested Remedy:**

Petitioners seek the following declaratory and injunctive relief:

- **Order for Full Compliance with L&A Testing Requirements**: Petitioners request that the Court compel Respondents to conduct public L&A testing for all voting machines before the upcoming election. This testing must be done in the presence of authorized bipartisan observers, with results available for public review.

- **Special Master Oversight**: Given the Respondents' repeated failures to comply with statutory requirements, Petitioners request the appointment of a Special Master to oversee the L&A testing process, ensuring that all testing

22

is conducted transparently and in accordance with Pennsylvania Election Law.

**Appendix D: Failure to Investigate and Address Known Election Law Violations**

**1. Statutory Violations:**

Respondents have violated their statutory obligations by failing to investigate and address known violations of Pennsylvania Election Law. These violations primarily involve:

- **25 P.S. § 2642(f)**: This statute assigns the duty to county boards of elections to investigate complaints and ensure compliance with all election laws.

- **25 P.S. § 3050**: This provision mandates that any irregularities or failures in the election process must be investigated by election officials, and corrective measures must be taken immediately to prevent future violations.

Despite numerous complaints and formal notices provided by Petitioners, Respondents have refused to address documented violations, particularly concerning Mail-In Ballots (MIBs) and unqualified electors on the voter rolls.

**2. Pattern of Negligence and Failure to Investigate:**

Respondents have demonstrated a pattern of negligence by refusing to investigate credible claims of statutory violations. The following evidence illustrates their ongoing failure to address known issues:

**Exhibits Referenced from Exhibit AA:**

- **Exhibit AA-10**: August 12, 2024, USPS Letter from Petitioners to Delaware County Election officials, outlining clear instances of unqualified electors receiving MIBs. No response or corrective action was taken by Respondents.

- **Exhibit AA-11**: September 19, 2024, follow-up Docusign letter reiterating the violations and requesting immediate investigation into the voter roll discrepancies and improper issuance of MIBs.

The evidence shows that despite multiple attempts by Petitioners to bring these violations to the attention of Respondents, they have continually failed to act or investigate these claims, further violating their statutory duties.

**3. Legal Precedents:**

Several legal precedents establish the obligation of election officials to act on credible complaints of election law violations:

24

- **Reynolds v. Sims**, 377 U.S. 533 (1964): This case emphasizes the fundamental right to vote and the necessity for election officials to safeguard the integrity of the election process by investigating and correcting known violations.

- **Burdick v. Takushi**, 504 U.S. 428 (1992): The Court ruled that election officials must ensure that voting procedures comply with statutory and constitutional protections, reinforcing the requirement to investigate violations that may affect the integrity of the election.

These cases confirm that election officials are legally required to investigate and correct election law violations to preserve the integrity of the voting process.

**4. Impact on Election Integrity:**

The Respondents' failure to investigate known violations has undermined the integrity of the upcoming election. Allowing these violations to persist without corrective action creates a significant risk of voter fraud, voter dilution, and the unlawful counting of ballots cast by unqualified electors.

**Exhibits Referenced:**

- **Exhibit AA-12**: September 27, 2024, evidence provided by Petitioners, including lists of voters confirmed to be ineligible but still receiving MIBs.

- **Exhibit AA-13**: October 3, 2024, email correspondence from Respondents dismissing the need for an investigation into voter roll discrepancies.

The Respondents' refusal to address these known violations threatens the lawful administration of the upcoming election and erodes public confidence in the electoral process.

**5. Requested Remedy:**

Petitioners seek the following declaratory and injunctive relief:

- **Mandate for Immediate Investigation of Violations**: Petitioners request that the Court compel Respondents to investigate all known violations of Pennsylvania Election Law, particularly the improper issuance of MIBs and the failure to maintain accurate voter rolls.

- **Appointment of a Special Master**: Given the Respondents' continued refusal to investigate and address these violations, Petitioners request the appointment of a Special Master to oversee the investigation and ensure that corrective actions are taken before the upcoming election. The Special Master

will ensure that all statutory obligations are met and that no unqualified electors are permitted to cast ballots.

**Appendix E: Failure to Provide Public Access and Transparency in Election Procedures**

**1. Statutory Violations:**

Respondents have failed to provide the necessary public access and transparency in the administration of the election, specifically regarding the Mail-In Ballot (MIB) verification process and Logic & Accuracy (L&A) testing. These actions violate:

- **25 P.S. § 2642(g)**: This statute requires that all election processes, including MIB verification and L&A testing, be conducted in a manner that is open to the public and can be observed by authorized representatives from both major political parties.

- **25 P.S. § 3146.8(g)**: This provision mandates that bipartisan observers be granted full access to the MIB verification and counting process to ensure transparency and accountability.

Despite these statutory requirements, the Respondents have repeatedly denied access to authorized representatives and bipartisan observers, particularly during the MIB verification process at the centralized counting center.

**2. Pattern of Obstruction and Lack of Transparency:**

Respondents have obstructed the public's right to observe and monitor critical election procedures, including MIB verification and L&A testing. The following evidence demonstrates the Respondents' refusal to provide transparency:

**Exhibits Referenced from Exhibit AA:**

- **Exhibit AA-14**: August 15, 2024, Docusign letter from Petitioners requesting public access to MIB verification and L&A testing, which was denied by the Respondents.

- **Exhibit AA-16**: September 30, 2024, email from Respondents, explicitly stating that only limited staff would have access to the MIB verification process, excluding authorized representatives from the Republican and Democratic parties.

The evidence shows that Respondents have deliberately limited access to the election process, preventing bipartisan observers from ensuring the integrity of MIB verification and L&A testing.

**3. Legal Precedents:**

27

The courts have consistently ruled that public access and transparency are fundamental to the integrity of the election process:

- **Anderson v. Celebrezze**, 460 U.S. 780 (1983): This case reinforced the importance of public participation and transparency in the election process, stating that election officials must provide reasonable access to all parties for oversight purposes.

- **Project Vote v. Blackwell**, 455 F. Supp. 2d 694 (N.D. Ohio 2006): The Court ruled that election officials must grant public access to all significant parts of the election process, including the verification and counting of absentee ballots, to ensure compliance with election laws.

These precedents establish the legal requirement for public access and bipartisan observation in critical election processes such as MIB verification and L&A testing.

### 4. Impact on Election Integrity:

Respondents' failure to provide transparency and allow bipartisan observation in MIB verification and L&A testing has compromised the integrity of the election. Without adequate oversight, the risk of errors, fraud, and unlawful voting increases significantly.

**Exhibits Referenced:**

- **Exhibit AA-17**: October 1, 2024, evidence of unauthorized MIB verification conducted behind closed doors, with no bipartisan observers present.

- **Exhibit AA-18**: October 3, 2024, email correspondence from Respondents denying further requests for access to the L&A testing process.

These actions prevent the public from ensuring that election procedures are being conducted lawfully and undermine public confidence in the integrity of the election process.

### 5. Requested Remedy:

Petitioners seek the following declaratory and injunctive relief:

- **Order for Full Public Access to MIB Verification and L&A Testing**: Petitioners request that the Court compel Respondents to provide full public access to the MIB verification process and L&A testing, in compliance with 25 P.S. §§ 2642(g) and 3146.8(g). Bipartisan observers must be allowed to monitor these processes to ensure compliance with election law.

- **Appointment of a Special Master**: Given Respondents' continued refusal to provide transparency, Petitioners request the appointment of a Special Master to oversee MIB verification and L&A testing. The Special Master will ensure that authorized representatives from both political parties are granted access to observe and verify that the election is being conducted in compliance with the law.

29

**Appendix F: Failure to Address Concerns Raised by Petitioners Regarding Mail-In Ballot and Voter Roll Discrepancies**

**1. Statutory Violations:**

Respondents have failed to address the legitimate concerns raised by Petitioners regarding discrepancies in voter rolls and the improper issuance of Mail-In Ballots (MIBs). The following statutes are directly applicable:

- **25 P.S. § 3146.2c(d)**: This statute requires that all MIBs be issued only to qualified electors whose eligibility has been verified. The Respondents have failed to comply with this requirement, continuing to send MIBs to voters who have moved out of the county, are deceased, or whose residency cannot be confirmed.

- **25 Pa.C.S. § 1901**: This statute mandates that voter rolls be kept up to date, removing individuals who are no longer qualified electors. Respondents have failed to remove unqualified electors from the rolls, despite being provided with evidence by Petitioners.

**2. Pattern of Dismissiveness and Failure to Act:**

Despite multiple formal notices and evidence provided by Petitioners, Respondents have refused to act upon documented discrepancies in the voter rolls and the improper issuance of MIBs. The following exhibits illustrate the ongoing refusal to address these issues:

**Exhibits Referenced from Exhibit AA:**

- **Exhibit AA-19**: August 17, 2024, formal notice from Petitioners identifying over 12,000 unqualified electors still listed on the voter rolls and continuing to receive MIBs.

- **Exhibit AA-20**: September 2, 2024, email correspondence in which Respondents dismiss concerns about unqualified voters receiving MIBs, stating that there is no legal obligation to act unless duplicate voting occurs.

- **Exhibit AA-22**: October 1, 2024, follow-up letter reiterating the need for immediate corrective action regarding voter roll discrepancies and improper MIB issuance.

Respondents have consistently failed to act on these concerns, despite their clear obligation to maintain accurate voter rolls and ensure that only qualified electors receive MIBs.

### 3. Legal Precedents:

Several precedents reinforce the legal obligation of election officials to maintain accurate voter rolls and issue MIBs only to qualified electors:

- **Purcell v. Gonzalez**, 549 U.S. 1 (2006): The Supreme Court emphasized the importance of maintaining accurate voter rolls to protect the integrity of elections and prevent voter fraud.

- **Crawford v. Marion County Election Board**, 553 U.S. 181 (2008): The Court upheld the requirement that states verify voter eligibility, particularly with regard to absentee and mail-in voting, to prevent fraud and protect the integrity of the election process.

These cases underscore the need for election officials to maintain accurate voter rolls and take immediate action when discrepancies are identified, particularly in the context of mail-in voting.

### 4. Impact on Election Integrity:

Respondents' failure to address these voter roll discrepancies and improper MIB issuance threatens the integrity of the upcoming election. Allowing unqualified electors to remain on the rolls and continue receiving MIBs creates a significant risk of voter fraud and voter dilution, which undermines public confidence in the electoral process.

### Exhibits Referenced:

- **Exhibit AA-23**: October 3, 2024, evidence from Petitioners showing that MIBs were issued to individuals who had been deceased for several years, yet remained on the voter rolls.

- **Exhibit AA-24**: October 5, 2024, a report documenting numerous cases of voters who had moved out of state but continued to receive MIBs for Delaware County elections.

The Respondents' inaction, despite being provided with clear evidence of these violations, poses a direct threat to the lawfulness of the upcoming election.

### 5. Requested Remedy:

Petitioners seek the following declaratory and injunctive relief:

- **Immediate Correction of Voter Roll Discrepancies**: Petitioners request that the Court order Respondents to immediately update the voter rolls,

31

removing any individuals who are no longer qualified electors, including those who have moved out of the county, are deceased, or otherwise fail to meet the eligibility requirements.

- **Injunction to Prevent Further Improper MIB Issuance**: Petitioners request an injunction prohibiting Respondents from issuing any further MIBs to unqualified electors. The issuance of MIBs should be subject to verification at the precinct level to ensure compliance with 25 P.S. § 3146.2c(d) and 25 Pa.C.S. § 1901.

**EXHIBIT AA – Letters and Emails**

Exhibit AA-1:  Letter to James Allen Regarding Ineligible Voter Registrations Date: August 10, 2024 ............................................................................................. 35

Exhibit AA-2:  Letter from John P. Child to Respondents Re: Request for Investigation into Possible Election Law Violations in Delaware County, Pennsylvania, Date: September 12th, 2024 ............................................................. 37

Exhibit AA-3:  Evidence of Voter Registration Discrepancies – Out-of-State Individuals, Date: September 12th, 2024.................................................................. 40

Exhibit AA-4:  Email from Petitioner John Child to Delaware County Republican Executive Committee (DCREC) Re: Response by Respondent Christine Reuther to Petitioners' Request for Investigation into Possible Election Law Violations in Delaware County, Pennsylvania. Date: September 12th, 2024 .............................. 44

Exhibit AA-5:  Letter from Petitioner John P. Child to Respondents Re: Request for Investigation into Possible Election Law Violations in Delaware County, Pennsylvania (Fourth Batch), Date: September 16th, 2024.................................... 46

Exhibit AA-6:  Request for Investigation into Possible Election Law Violations in Delaware County, Pennsylvania Date: September 19th, 2024 ................................ 49

Exhibit AA-7:  Notice Regarding Voter Roll Maintenance Issues, Date: September 27, 2024 ........................................................................................................ 55

Exhibit AA-8: Concerns Regarding Proposed Fee Structures and Lack of Transparency in MIB Approvals, Date: September 28th, 2024 ............................... 59

Exhibit AA-9: Concerns Regarding Proposed Fee Structures and Lack of Transparency in MIB Approvals, Date: September 30th, 2024 ............................... 61

Exhibit AA-10:  Email from Respondent James Allen to Petitioner John Child RE: Nearly 12,000 Delco Registrants who No Longer Live In Penna ... Formal Lawful Notice of Ineligible Voter Registrations and Request for Action, Date: September 30th, 2024 ............................................................................................................... 63

Exhibit AA-11:  Follow-Up Email and Letter to James Allen Regarding Lack of Corrective Action Date: September 30, 2024 .......................................................... 64

Exhibit AA-12:  Email from Respondent James Allen to Petitioner John Child RE: Nearly 12,000 Delco Registrants who No Longer Live In Penna ... Formal Lawful Notice of Ineligible Voter Registrations and Request for Action, Date: September 30th, 2024 ..................................................................................................... 67

Exhibit AA-13:  Legal Notice of Ineligible Voter Registrations and Request for Action from Petitioner Child to Respondent Allen, Date: October 1st, 2024 ........ 69

Exhibit AA-14:  Legal Notice of Failure to Act on Fiduciary Duties and Election Law Violations to Delaware County Council, Date: October 1st, 2024 ................. 72

Exhibit AA-15:  Letter from John P. Child to Respondents Re: Follow Up to Formal Lawful Notice of Ineligible Voter Registrations and Request for Action, Date: October 6th, 2024 ......................................................................................... 78

Exhibit AA-16:  Letter from John P. Child to Respondents Re: Legal Notice – Failure to Comply with Pennsylvania Election Law and Unlawful Observer Restrictions for Logic and Accuracy Testing, Date: October 7th, 2024................... 81

Exhibit AA-17: Email from Petitioner John Child to Respondents Re: Delaware County Voting Machine Warehouse Official Withdraws Lawsuit Against Trump and Two Delaware County Poll Watchers, Date: October 10th, 2024 ................... 87

Exhibit AA-18:  Email from Respondent Christine Reuther to Petitioner Child Re: Legal Notice - Failure to Comply with Pennsylvania Election Law and Unlawful Observer Restrictions for Logic and Accuracy Testing, Date: October 10th, 2024. 89

**Exhibit AA-1:   Letter to James Allen Regarding Ineligible Voter Registrations Date: August 10, 2024**

This letter notified James Allen and other Delaware County election officials of the thousands of individuals who remain on the voter rolls despite being ineligible due to relocation or death. Petitioners provided evidence and requested that the election office follow statutory procedures to correct these violations before the next election cycle.

**Key Excerpts:**

> *"You have been sent via your email a PDF-file which enumerates the approximately 12,000 Voter Registrations in Delaware County PA... and confirmed that THEY ARE NO LONGER RESIDENTS of Delaware County."*

---

John Proctor Child
Elected Precinct Committeeman
Radnor Twp Ward 7-2, Delaware County PA
308 Rockingham Road * Bryn Mawr PA 19010
610-203-6458
Johnbuysproperty@gmail.com

August 10, 2024

To (by Registered Mail / Return Signature Guarantee):
James Allen, Director of Delaware County Elections
Jonathan Lichtenstein, Solicitor, Delaware County Council
Dr Monica Taylor, Chair, Delaware County Council
Government Center Building
201 W. Front Street
Media, PA 19063-2728

By Email:
Delco Council Vice Chair Richard R Womack
Delco Council Vice Char Kevin M Maddon, Esq
Delco Council Member Elaine Paul Shaeffer, Esq
Delco Council Member Christine A Reuther
Delco District Attorney Jack Stollsteimer
Delco Chair, Board of Elections, Ashley Lunkenheimer
"R"-Member Delco Board of Elections, John McBlain, Esq

35

"D"-Member Delco Board of Elections, Scott Alberts
Chair, Delco*GOP Frank Agovino

Ladies / Gentlemen –

You have been sent via your email a PDF-file which enumerates the approximately 12,000 Voter Registrations in Delaware County PA which have been cross referenced with USPS National Change of Address and SURE systems and ERIC systems and Penna Voter Registration Database and confirmed that THEY ARE NO LONGER RESIDENTS of Delaware County. This data was downloaded and merged in July 2024. Because they are no longer residents in the county, they may no longer be registered voters in Delaware County PA.

The following must occur:

> A. Because the addresses of the voters who have moved are no longer registered voter addresses, Main-In Ballots may not be sent to these addresses.

> B. These approximately 12,000 HAVE TO BE FLAGGED in case they turn up on Election Day to vote in person. Both Federal and Pennsylvania law requires the state and the counties to maintain accurate voter rolls. This is a legal responsibility of the Secretary of State and County Election Boards/Directors.

Please respond regarding what the plan is to make sure that A. and B. are put into effect.

Thanks very much,
John Proctor Child
610-203-6458

36

**Exhibit AA-2:  Letter from John P. Child to Respondents Re: Request for Investigation into Possible Election Law Violations in Delaware County, Pennsylvania, Date: September 12th, 2024**

---

**Docusign Envelope ID**: B0AA3D27-9201-4DBF-845D-D9022516B5C8 9/11/2024

John Proctor Child
308 Rockingham Road
Bryn Mawr PA 19010
610-203-6458
JohnBuysProperty@Gmail.com

September 12, 2024

Dr. Monica Taylor, Chair
Delaware County Council
Government Center Building
201 W Front Street
Media PA 19063-2728

Re: Request for Investigation into Possible Election Law Violations in Delaware County,
Pennsylvania – September 12th Second Batch of (10).

Dear Ms. Taylor,

I am writing to bring to your attention a matter of significant concern regarding potential violations of election laws in Delaware County, Pennsylvania. As a concerned resident and registered voter, I believe that certain actions taken by the County Board of Elections may constitute a breach of fiduciary duty and a violation of the Pennsylvania Election Code, specifically Section 1300 (25 P.S. § 3146.1).

**Details of the Concern**

In reviewing public records available on official government websites, I have discovered that the Delaware County Board of Elections has approved mailing absentee or mail-in ballots to individuals who reside and are currently registered to vote in other states. This appears to be in direct violation of Section 1300 of the Pennsylvania Election Code, which regulates the issuance of absentee and mail-in ballots.

**Relevant Section:**

37

Section 1300 (25 P.S. § 3146.1): This section outlines the eligibility criteria for absentee and mail-in ballots, specifically stating that they must be issued only to qualified electors who are residents of the county where the ballot is requested.

The following evidence supports my concern:

**Change of Address:** Public records indicate that specific individuals who are slated to receive ballots by the Delaware County Board of Elections have officially changed their address and are no longer residents of Delaware County. These individuals have established residency in other states.

**Out-of-State Voter Registration:** Public records also confirm that these individuals are registered to vote in states other than Pennsylvania. (See Attached Evidence from the State Voter Sites).

**Approval to Receive Mail-In Ballots:** Records from the Harrisburg Bureau of Elections, Division of Election Security and Technology demonstrate that these individuals were approved to receive mail-in ballots despite their out-of-state registration.

**Request for Action**
In light of these concerns, I respectfully request that Delaware County initiate an investigation into the practices of the Delaware County Board of Elections. Specifically, I ask that you:

- Investigate the issuance of absentee and mail-in ballots to individuals who are not qualified electors of Delaware County, as defined by Section 1300 (25 P.S. § 3146.1) of the Pennsylvania Election Code.
- Determine whether these actions constitute a violation of Pennsylvania Election Code or any other relevant election laws.
- Take appropriate legal action to prevent further violations and ensure that all election processes adhere to the laws and standards set forth by the Commonwealth of Pennsylvania.

I believe that protecting the integrity of our electoral process is of utmost importance.

I trust that your office will take these concerns seriously and will act swiftly to address any potential violations of the law. I am available to provide further information or clarification regarding this matter, and I would be grateful for your prompt attention to this issue.

Thank you for your time and consideration.
Sincerely,
John Proctor Child

Delaware County Election Deep Divers & Elected Precinct Committeeman Radnor
7-2

Cc:
Richard Womack (Vice Chair): WomackR@co.delaware.pa.us
Kevin Madden: MaddenK@co.delaware.pa.us
Elaine Paul Schaefer: SchaeferE@co.delaware.pa.us
Christine A. Reuther: ReutherC@co.delaware.pa.us
James Allen, Director of Elections, AllenJ@co.delaware.pa.us
Ashley Lunkenheimer (Chair): DelcoElection@co.delaware.pa.us
John McBlain: DelcoElection@co.delaware.pa.us
Scott Alberts: DelcoElection@co.delaware.pa.us
Jonathan Lichtenstein, Delaware County Solicitor,
LichtensteinJ@co.delaware.pa.us

**Exhibit AA-3:  Evidence of Voter Registration Discrepancies – Out-of-State Individuals, Date: September 12th, 2024**

The following individuals have been identified as no longer residing in Delaware County, yet remain on the voter rolls and are still marked as eligible to vote via Mail-In Ballots. This report is based on verified USPS and ERIC data.

- **Sydney A Berry - NJ**
- **Linda Maria Beukelaers - NY**
- **Margaret M Brubaker - NJ**
- **Miguel Claudio Cardoso - GA**
- **Eleanor Louise Colston - NJ**
- **Lelia N Dorsey – GA**
- **John J Durkin - NJ**
- **Theresa M Durkin - NJ**
- **Patricia Glatthorn - NY**
- **James L Glatthorn - NY**

These names, among others reported to Respondents, highlight the systemic failure of Delaware County to comply with its legal obligation to maintain accurate and up-to-date voter registration records, directly violating 25 Pa.C.S. § 1901 and 52 U.S.C. § 20507.

**September 12th, 2024, Email from Petitioner John Child to Respondents Re: Request for Investigation into Possible Election Law Violations in Delaware County, Pennsylvania**

---

John P Child <johnbuysproperty@gmail.com>
Sent: Thu, Sep 12, 2024, at 6:54 AM
To: Monica Taylor <TaylorM@co.delaware.pa.us>
Cc: Richard Womack <WomackR@co.delaware.pa.us>, Kevin M Maddon <Maddenk@co.delaware.pa.us>, Elaine Paul Schaefer <SchaeferE@co.delaware.pa.us>, Christine Reuther <ReutherC@co.delaware.pa.us>, James Allen <AllenJ@co.delaware.pa.us>, ashley lunkenheimer <alunkenheimer@icloud.com>, John McBlain <jmcblain@mbmlawoffice.com>, James Allen <DelcoElection@co.delaware.pa.us>, Jonathan Lichtenstein <LichtensteinJ@co.delaware.pa.us>

John Proctor Child 308 Rockingham Road Bryn Mawr PA 19010

610-203-6458
JohnBuysProperty@Gmail.com

September 12, 2024

Dr. Monica Taylor, Chair Delaware County Council Government Center Building 201
W Front Street
Media PA 19063-2728

**RE: Request for Investigation into Possible Election Law Violations in
Delaware County, Pennsylvania - Second Batch of (10).**

Dear Ms. Taylor,

I am writing to bring to your attention a matter of significant concern regarding
potential violations of election laws in Delaware County, Pennsylvania. As a
concerned resident and registered voter, I believe that certain actions taken by the
County Board of Elections may constitute a breach of fiduciary duty and a violation
of the Pennsylvania Election Code, specifically Section 1300 (25 P.S. § 3146.1).

**Details of the Concern**
In reviewing public records available on official government websites, I have
discovered that the Delaware County Board of Elections has approved mailing
absentee or mail-in ballots to individuals who reside and are currently registered to
vote in other states. This appears to be in direct violation of Section 1300 of the
Pennsylvania Election Code, which regulates the issuance of absentee and mail-in
ballots.

**Relevant Section:**
Section 1300 (25 P.S. § 3146.1): This section outlines the eligibility criteria for
absentee and mail-in ballots, specifically stating  that they must be issued only to
qualified electors who are residents of the county where the ballot is requested.
The following evidence supports my concern:

**Change of Address:**
Public records indicate that specific individuals who are slated to receive ballots by
the Delaware County Board of Elections have officially changed their address and are
no longer residents of Delaware County. These individuals have established
residency in other states.

**Out-of-State Voter Registration:**
Public records also confirm that these individuals are registered to vote in states
other than Pennsylvania. (See Attached Evidence from the State Voter Sites).

41

**Approval to Receive Mail-In Ballots:**
Records from the Harrisburg Bureau of Elections, Division of Election Security and Technology demonstrate that these individuals were approved to receive mail-in ballots despite their out-of-state registration.

**Request for Action**

In light of these concerns, I respectfully request that Delaware County initiate an investigation into the practices of the Delaware County Board of Elections. Specifically, I ask that you:

- Investigate the issuance of absentee and mail-in ballots to individuals who are not qualified electors of Delaware County, as defined by Section 1300 (25 P.S. § 3146.1) of the Pennsylvania Election Code.
- Determine whether these actions constitute a violation of Pennsylvania Election Code or any other relevant election laws.
- Take appropriate legal action to prevent further violations and ensure that all election processes adhere to the laws and standards set forth by the Commonwealth of Pennsylvania.

I believe that protecting the integrity of our electoral process is of utmost importance. I trust that your office will take these concerns seriously and will act swiftly to address any potential violations of the law. I am available to provide further information or clarification regarding this matter, and I would be grateful for your prompt attention to this issue.

Thank you for your time and consideration.

Sincerely,
John Proctor Child
Delaware County Election Deep Divers
& Elected Precinct Committeeman Radnor Twp Ward 7-2

Cc:
Richard Womack (Vice Chair): WomackR@co.delaware.pa.us
Kevin Madden: MaddenK@co.delaware.pa.us
Elaine Paul Schaefer: SchaeferE@co.delaware.pa.us
Christine A. Reuther: ReutherC@co.delaware.pa.us
James Allen, Director of Elections, AllenJ@co.delaware.pa.us
Ashley Lunkenheimer (Chair):
DelcoElection@co.delaware.pa.us John McBlain:
DelcoElection@co.delaware.pa.us
Scott Alberts: DelcoElection@co.delaware.pa.us
Jonathan Lichtenstein, Delaware County Solicitor, LichtensteinJ@co.delaware.pa.us

John Proctor Child

42

Delaware County Election Deep Diver
& Elected Precinct Committeeman, Radnor Twp 7-2 308 Rockingham Road; Garrett
Hill PA. 19010 JohnBuysProperty@Gmail.com * 610-203-6458

11 attachments
Linda Maria Beukelaers - NY.pdf
Patricia Glatthorn - NY.pdf
James L Glatthorn - NY.pdf
Margaret M Brubaker - NJ.pdf
Theresa M Durkin - NJ.pdf
Lelia N Dorsey - GA.pdf
Eleanor Louise Colston - NJ.pdf
Migues Claudio Cardoso - GA.pdf
Sydney A Berry - NJ.pdf
John J Durkin - NJ.pdf
DS Letter to Delco Council Chair Taylor.pdf

43

**Exhibit AA-4:  Email from Petitioner John Child to Delaware County Republican Executive Committee (DCREC) Re: Response by Respondent Christine Reuther to Petitioners' Request for Investigation into Possible Election Law Violations in Delaware County, Pennsylvania. Date: September 12th, 2024**

---

**John P Child** <johnbuysproperty@gmail.com>
Sat, Sep 14, 2024, at 2:35 PM

**Subj: Delco Council Member Christine Reuther's Response below**

To: David Galluch <dave@davegalluch.com>, David Galluch dgalluch@delawarecountygop.com>
Cc: Frank Agovino fcagovino@delawarecountygop.com>
Dave (cc: Frank),

Here's Delco Council Member Christine Reuther's response:

Mr. Child, the Delaware County Election Bureau follows the state and federally approved protocol for purging its voter rolls. Making changes like the ones you suggest within 90 days of a federal election would violate federal law.  If the people you identified are in fact the same people registered to vote elsewhere, it is likely one of their registrations is out of date. If these people vote in two places in the November election, let us know and our election staff will check available records, including election records you may not have access to, to determine if the same person voted twice and report any offenders to the appropriate law enforcement officials.

Christine Reuther Delaware County Council Office: 610-891-4268
Email: reutherc@co.delaware.pa.us www.delcopa.gov

Ms Reuther is correct about the 90-day bit (there <u>are</u> exceptions) but we're **not _trying to purge voter rolls._** For 20 years people have been **trying _in vain_ to clean the voter rolls -- their efforts have yielded NOTHING.**

So you know ~all~ these people ARE Registered in Delco **_as well_** as Out of State AND been approved to rec'v a MIB. It's none of my business if they are voting twice. (Nobody is trying to prosecute anybody here. I'm guessing these people clicked on the Automatic MIB button; left PA and didn't inform Delco Election Officials that they moved out of state. But it doesn't matter) The point is if they are sent a MIB while they are registered in Delco AND registered

44

elsewhere that is a violation of election code. That's a violation & that's on Delco, not the voter registered in two places.

John

John Proctor Child
Delaware County Election Deep Diver
& Elected Precinct Committeeman, Radnor Twp 7-2 308 Rockingham Road; Garrett Hill PA. 19010 JohnBuysProperty@Gmail.com * 610-203-6458

**Exhibit AA-5:  Letter from Petitioner John P. Child to Respondents Re: Request for Investigation into Possible Election Law Violations in Delaware County, Pennsylvania (Fourth Batch), Date: September 16th, 2024**

---

**Docusign Envelope ID**: 52C8FD95-71D6-4287-B17D-3963982ACA45 9/16/2024

John Proctor Child 308 Rockingham Road
Bryn Mawr PA 19010
610-203-6458
JohnBuysProperty@Gmail.com

September 16, 2024

Dr. Monica Taylor, Chair Delaware County Council
Government Center Building 201 W Front Street
Media PA 19063-2728

Re: Request for Investigation into Possible Election Law Violations in Delaware County, Pennsylvania – September 16th FOURTH BATCH.

Dear Ms. Taylor,

I am writing to bring to your attention a matter of significant concern regarding potential violations of election laws in Delaware County, Pennsylvania. As a concerned resident and registered voter, I believe that certain actions taken by the County Board of Elections may constitute a breach of fiduciary duty and a violation of the Pennsylvania Election Code, specifically Section 1300 (25 P.S. § 3146.1).

**Details of the Concern**
In reviewing public records available on official government websites, I have discovered that the Delaware County Board of Elections has approved mailing absentee or mail-in ballots to individuals who reside and are currently registered to vote in other states. This appears to be in direct violation of Section 1300 of the Pennsylvania Election Code, which regulates the issuance of absentee and mail-in ballots.

**Relevant Section:**
Section 1300 (25 P.S. § 3146.1): This section outlines the eligibility criteria for absentee and mail-in ballots, specifically stating that they must be issued only to qualified electors who are residents of the county where the ballot is requested.

The following evidence supports my concern:

46

Change of Address: Public records indicate that specific individuals who are slated to receive ballots by the Delaware County Board of Elections have officially changed their address and are no longer residents of Delaware County. These individuals have established residency in other states.

Out-of-State Voter Registration: Public records also confirm that these individuals are registered to vote in states other than Pennsylvania. (See Attached Evidence from the State Voter Sites).

Approval to Receive Mail-In Ballots: Records from the Harrisburg Bureau of Elections, Division of Election Security and Technology demonstrate that these individuals were approved to receive mail-in ballots despite their out-of-state registration.

**Request for Action**

In light of these concerns, I respectfully request that Delaware County initiate an investigation into the practices of the Delaware County Board of Elections. Specifically, I ask that you:

- Investigate the issuance of absentee and mail-in ballots to individuals who are not qualified electors of Delaware County, as defined by Section 1300 (25 P.S. § 3146.1) of the Pennsylvania Election Code.

- Determine whether these actions constitute a violation of Pennsylvania Election Code or any other relevant election laws.

- Take appropriate legal action to prevent further violations and ensure that all election processes adhere to the laws and standards set forth by the Commonwealth of Pennsylvania.

I believe that protecting the integrity of our electoral process is of utmost importance. I trust that your office will take these concerns seriously and will act swiftly to address any potential violations of the law. I am available to provide further information or clarification regarding this matter, and I would be grateful for your prompt attention to this issue.

Thank you for your time and consideration.

Sincerely,

John Proctor Child
Delaware County Election Deep Divers
& Elected Precinct Committeeman Radnor 7-2

47

Cc:

Richard Womack (Vice Chair): WomackR@co.delaware.pa.us

Kevin Madden: MaddenK@co.delaware.pa.us

Elaine Paul Schaefer: SchaeferE@co.delaware.pa.us Christine A. Reuther:

ReutherC@co.delaware.pa.us

James Allen, Director of Elections, AllenJ@co.delaware.pa.us Ashley Lunkenheimer

(Chair): DelcoElection@co.delaware.pa.us John McBlain:

DelcoElection@co.delaware.pa.us

Scott Alberts: DelcoElection@co.delaware.pa.us

Jonathan Lichtenstein, Delaware County Solicitor,

LichtensteinJ@co.delaware.pa.us

48

**Exhibit AA-6:   Request for Investigation into Possible Election Law Violations in Delaware County, Pennsylvania Date: September 19th, 2024**

John Proctor Child
308 Rockingham Road
Bryn Mawr PA 19010
610-203-6458
JohnBuysProperty@Gmail.com

September 19, 2024

James P. Allen, Director of Elections
Delaware County Board of Elections
201 West Front Street
Government Center Building
Media, PA 19063

**Re: Request for Investigation into Possible Election Law Violations in Delaware County, Pennsylvania**

Dear Mr. Allen,

I am writing to bring to your attention a matter of significant concern regarding potential violations of election laws in Delaware County, Pennsylvania. As a concerned resident and registered voter, I believe that certain actions taken by the County Board of Elections may constitute a breach of fiduciary duty and a violation of the Pennsylvania Election Code, specifically Section 1300 (25 P.S. § 3146.1).

**Details of the Concern**
In reviewing public records available on official government websites, I have discovered that the Delaware County Board of Elections has approved mailing absentee or mail-in ballots to individuals who reside in other states. This appears to be in direct violation of Section 1300 of the Pennsylvania Election Code, which regulates the issuance of absentee and mail-in ballots.

**Relevant Section:**
   •   **Section 1300 (25 P.S. § 3146.1):** This section outlines the eligibility criteria for absentee and mail-in ballots, specifically stating that they must be issued only to qualified electors who are residents of the county where the ballot is requested.

**The following evidence supports my concern:**
   1.   **Change of Address:** Public records indicate that specific individuals who are slated to receive ballots by the Delaware County Board of Elections have

officially changed their address and are no longer residents of Delaware County. These individuals have established residency in other states.

2. **Out-of-State Voter Registration:** Public records also confirm that these individuals are registered to vote in states other than Pennsylvania; please find attached images of out-of-state voter registrations.

3. **Approval to Receive Mail-In Ballots:** Records from the Delaware County Board of Elections demonstrate that these individuals are approved to receive mail-in ballots, despite their out-of-state registration and residency.

**Request for Action**

In light of these concerns, I respectfully request that Delaware County initiate an investigation into the practices of the Delaware County Board of Elections. Specifically, I ask that you:

- Investigate the past issuance of and current approval for absentee and mail-in ballots to individuals who are not qualified electors of Delaware County, as defined by Section 1300 (25 P.S. § 3146.1) of the Pennsylvania Election Code.
- Determine whether these actions constitute a violation of Pennsylvania Election Code or any other relevant election laws.
- Take appropriate legal action to prevent further violations and ensure that all election processes adhere to the laws and standards set forth by the Commonwealth of Pennsylvania.

I believe that protecting the integrity of our electoral process is of utmost importance.

I trust that your office will take these concerns seriously and will act swiftly to address any potential violations of the law. I am available to provide further information or clarification regarding this matter, and I would be grateful for your prompt attention to this issue.

Thank you for your time and consideration.

Sincerely,


John Child
Delaware County Election Deep Divers

Cc:
Michelle Henry, Attorney General of Pennsylvania
Al Schmidt, Secretary of the Commonwealth of Pennsylvania
Jack Stollsteimer, Delaware County District Attorney
Monica Taylor, Chair, Delaware County Council

















54

**Exhibit AA-7: Notice Regarding Voter Roll Maintenance Issues, Date: September 27, 2024**

*This formal communication from **Petitioner Child** to James Allen, Director of Elections, highlights numerous discrepancies in Delaware County's voter rolls, specifically pointing out that individuals who have moved out of the county, or are deceased, continue to receive Mail-In Ballots. This letter emphasizes the need for immediate corrective action and serves as a primary document showing the failure to verify voter eligibility.*

---

**John Proctor Child**
Republican Committeeman
Radnor 7-2
308 Rockingham Road
Bryn Mawr, PA 19010
610-203-6458
JohnBuysProperty@gmail.com

**Euphrosyne (Joy) Schwartz**
Republican Committeewoman
Upper Darby 3-3
[ jschwartzpro@gmail.com ]

**Paul Rumley**
Republican Committeeman
Springfield 2-2
[ perumley@gmail.com ]

**Kathryn Buckley**
Candidate for Pennsylvania State Representative
160th Legislative District
Republican Committeewoman
Edgmont 2
[ kathy1070@comcast.net ]

**Dr. Alfeia DeVaughn-Goodwin, PhD.**
Candidate for United States Representative for Pennsylvania
5th Congressional District
[ alfeia@gmail.com ]

September 27, 2024

James P. Allen, Director of Elections
Delaware County Bureau of Elections
2501 Seaport Drive
Suite BH 120
Chester, PA 19063
allenj@co.delaware.pa.us

Re: Formal Lawful Notice of Ineligible Voter Registrations and Request for Action

Dear Mr. Allen,

We are writing to follow up on a matter of grave concern that was formally brought to the attention of the Delaware County Board of Elections on August 10, 2024. At that time, Delaware County was notified by registered mail regarding nearly 12,000 voter registrants who, according to data from the United States Postal Service (USPS) and the National Change of Address (NCOA) database, no longer reside in Pennsylvania.

To date, we have not received a response from your office regarding this notification. We wish to emphasize that under Pennsylvania law, specifically 25 Pa.C.S. § 1901 and related sections of the Pennsylvania Election Code, county election officials have both the authority and responsibility to maintain accurate voter rolls by removing individuals who no longer reside in the state. Federal law, including the National Voter Registration Act of 1993 (NVRA, 52 U.S.C. § 20507), provides guidelines for the 90-day quiet period before federal elections, but it is crucial to recognize that these 12,000 registrants were no longer residents well before this quiet period began. Failure to update the voter rolls in a timely manner may undermine the integrity of the electoral process.

Furthermore, Pennsylvania's participation in the Electronic Registration Information Center (ERIC) provides Delaware County with definitive data on out-of-state voter registrations, not merely changes of address. ERIC identifies individuals who are registered to vote in other states, which clearly demonstrates their residency and voting eligibility has shifted outside Pennsylvania. Public records confirm that several individuals on the list we provided have been registered to vote in other states for at least six months, often years, while still being registered in Delaware County.

**Out-of-State Registration vs. Address Change:**
We acknowledge that under the NVRA, a change of address may trigger a process requiring confirmation from the voter, but out-of-state registration is clear and irrefutable evidence of ineligibility. This distinction must be recognized: while an address change may necessitate the NVRA process, an individual who has registered to vote in another state has clearly affirmed their intent to reside and vote elsewhere,

and should be immediately removed from the voter rolls under 25 Pa.C.S. § 1901.

**Distinction Between MIB Approval and Voter Registration:**
It is important to further highlight that mail-in ballot (MIB) approval is a separate process from voter registration. While a voter may remain on the rolls during the NVRA process, no voter who is known to have registered in another state should be approved to receive a mail-in ballot in Pennsylvania. MIB eligibility must be based on current residency, and sending ballots to voters who have been shown to reside in other states undermines both election integrity and public confidence in the process.

**Formal Request for Action:**
**Set Aside Votes from Questionable Registrations:**
As a precaution, Delaware County should set aside any mail-in or absentee ballots cast by these 12,000 relocated residents until their eligibility can be verified post-election. Additionally, we urge the county to apply heightened scrutiny to any other ballots cast by voters whose qualifications may be in question, ensuring that no ballots from unqualified individuals—including non-residents or other ineligible registrants—are counted before certification. This will protect the integrity of the election.

**Review Voter Rolls Using ERIC Data:**
We respectfully request that Delaware County immediately use the ERIC data provided by the state to review and clean the voter rolls by removing voters who are no longer residents of Pennsylvania and have registered to vote elsewhere. Failure to act on this data, particularly in the face of evidence provided by ERIC, could result in both legal and criminal consequences for those responsible for the administration of the election.

If no action is taken after this lawful notification, we will be left with no choice but to demand a criminal investigation and initiate legal action in the courts to ensure that election laws are fully upheld.

The availability of this critical information, coupled with the clear legal authority granted to the counties to maintain accurate rolls, underscores the need for swift and decisive action. We trust that your office will address this matter promptly to ensure full compliance with both federal and state election laws, as well as to uphold the integrity of the November 2024 elections in Delaware County.

We are available to provide any further clarification and would appreciate updates regarding the investigation into this issue.

Thank you for your attention to this important matter.
Sincerely,

John Proctor Child
Euphrosyne (Joy) Schwartz
Paul Rumley
Kathryn Buckley
Dr. Alfeia DeVaughn-Goodwin, PhD

CC:
Delaware Valley Journal
Broad and Liberty
John I. Kane, State Senator for the 9th Senatorial District of Pennsylvania
Amanda Cappelletti, State Senator for the 17th Senatorial District of Pennsylvania
Timothy Kearney, State Senator for the 26th Senatorial District of Pennsylvania
Craig Williams, State Representative for the 160th Legislative District of Pennsylvania
Mike Zabel, State Representative for the 163rd Legislative District of Pennsylvania
Lisa Borowski, State Representative for the 168th Legislative District of Pennsylvania
Jennifer O'Mara, State Representative for the 165th Legislative District of Pennsylvania
Michelle Henry, Attorney General of Pennsylvania
Al Schmidt, Secretary of the Commonwealth of Pennsylvania
Ashley Lunkenheimer, Chair, Delaware County Board of Elections
Scott Alberts, Member, Delaware County Board of Elections
John M. McBlain, Member, Delaware County Board of Elections
Monica Taylor, Chair, Delaware County Council
Elaine Paul Schaefer, Vice Chair, Delaware County Council
Christine A. Reuther, Member, Delaware County Council
Richard Womack, Member, Delaware County Council
Kevin Madden, Member, Delaware County Council
Jack Stollsteimer, Delaware County District Attorney

**Exhibit AA-8: Concerns Regarding Proposed Fee Structures and Lack of Transparency in MIB Approvals, Date: September 28th, 2024**

John Proctor Child
308 Rockingham Road
Bryn Mawr PA 19010
610-203-6458
JohnBuysProperty@Gmail.com

September 28, 2024

James P. Allen, Director of Elections
Delaware County Bureau of Elections
2501 Seaport Drive
Suite BH 120
Chester, PA 19063
allenj@co.delaware.pa.us

**Re: Concerns Regarding Proposed Fee Structures and Lack of Transparency in MIB Approvals**

Dear Mr. Allen,

I am writing to express concerns regarding my understanding of the proposed changes to the fee structures and procedures for reporting ineligible voters on the Mail-In Ballot (MIB) list, which I understand from the recent 24th of September meeting of the Delaware Board of Elections to be currently up for review and scheduled to take effect next week. These changes, which include a $15 fee and the introduction of a specific form that must be mailed in and may not be available online, raise serious concerns about transparency, accessibility, and timing in relation to the upcoming November elections.

The proposed fee of $15 for submitting a request to investigate and remove ineligible voters from the MIB list appears to place an undue financial burden on Delaware County residents. The public should not be charged for reporting errors that the Board of Elections is legally obligated to correct under **25 Pa.C.S. § 1501** and **§ 1505**, which mandate the maintenance of accurate voter rolls. This fee may deter concerned citizens from participating in the process of ensuring election integrity, particularly when such efforts are aimed at correcting oversights by the Board.

Moreover, introducing this fee so close to the November elections, when voter participation is most critical, further complicates the public's ability to address election integrity concerns in a timely manner.

The decision to require a specific form for reporting ineligible voters that must be mailed in and is not available online raises questions about the transparency and accessibility of the process. The current approach creates unnecessary barriers for residents attempting to correct voter roll errors. All relevant forms related to voter

integrity should be made available online, just as other election-related forms are, to ensure ease of access and participation by the public.

I must also raise concerns about the timing of these administrative changes. Implementing new fee structures and procedures within the **90-day pre-election quiet period**, as defined by the **National Voter Registration Act (NVRA, 52 U.S.C. § 20507)**, may be problematic. This period is intended to protect the integrity of the election process by limiting certain administrative actions that could affect voter registration and participation.

Introducing procedural changes so close to a federal election, particularly when those changes impact the ability of residents to challenge ineligible voter approvals, could have unintended consequences for the upcoming election. I respectfully question whether these changes should be delayed until after the November elections to avoid disruptions to the pre-election process and to ensure that all residents have fair and timely access to report voter roll errors.

In light of these concerns, I respectfully request that you:

1. **Reconsider the Fee**: Eliminate, or at a minimum delay the implementation of any proposed fee, particularly during this critical pre-election period.
2. **Ensure Online Access to Forms**: Make the required form and process for reporting ineligible voters available online to increase transparency and accessibility.
3. **Delay Procedural Changes Until After the Election**: Given the proximity to the November election, I urge you to reconsider implementing these changes until after the election to avoid potential disruptions to voter participation and challenges during the 90-day quiet period.

We believe these steps will enhance the transparency and fairness of the election process, particularly as we approach a critical election period. I look forward to your response and any updates regarding these concerns.

Sincerely,


John Child
Delaware County Election Deep Divers

Cc:
Monica Taylor (Chair): TaylorM@co.delaware.pa.us
Richard Womack (Vice Chair): WomackR@co.delaware.pa.us
Kevin Madden: MaddenK@co.delaware.pa.us
Elaine Paul Schaefer: SchaeferE@co.delaware.pa.us
Christine A. Reuther: ReutherC@co.delaware.pa.us
Ashley Lunkenheimer (Chair): DelcoElection@co.delaware.pa.us
John McBlain: DelcoElection@co.delaware.pa.us
Scott Alberts: DelcoElection@co.delaware.pa.us

**Exhibit AA-9: Concerns Regarding Proposed Fee Structures and Lack of Transparency in MIB Approvals, Date: September 30th, 2024**

**John Proctor Child**
308 Rockingham Road
Bryn Mawr, PA 19010
JohnBuysProperty@gmail.com
610-203-6458

**September 30, 2024**

**James P. Allen, Director of Elections**
Delaware County Bureau of Elections
2501 Seaport Drive
Suite BH 120
Chester, PA 19063

**Re: Clarification Regarding Challenge Process and Fees**

Dear Mr. Allen,

Thank you for your response and for referencing **25 P.S. 3146.8(f)**. However, I believe there may be some misunderstanding regarding the process discussed at the recent Board of Elections (BOE) meeting. The law you referenced relates to challenges filed in Harrisburg, whereas the discussion during the BOE meeting concerned a separate $15 fee and a new form specific to **Delaware County**, which would not be available online.

To clarify, my concerns are not related to the **$10 fee** and online form that has existed for challenges under Pennsylvania law, but rather the **new fee structure** and procedural changes proposed at the county level. As stated at the BOE meeting, this new process involves a form that is not yet available and was to be implemented by the Council five days following the meeting, with a fee of **$15**—not the $10 fee mentioned in the established process.

As discussed in the BOE meeting, the proposed process introduces new barriers for residents seeking to challenge ineligible voters, particularly in the case of **mass challenges**. Delaware County currently faces issues with **hundreds and potentially thousands of dual-registered individuals**, and filing separate requests for each individual is both impractical and ineffective. While no one in Delaware County has filed an MIB challenge in recent years, this is not due to a

61

lack of interest, but rather the inadequacy of the current system to handle large-scale issues.

Moreover, as you referenced the **PA Election Code**, it is important to note that the Code was created at a time when **mail-in ballots did not exist**. The system in place is therefore ill-equipped to address the large-scale challenges presented by MIBs today, and I strongly urge that the **new procedural changes** proposed be reconsidered in compliance with existing PA statute and without placing additional unreasonable demands on citizens beyond what the statute already requires, especially with the election just weeks away.

Thank you for your attention to this matter. I look forward to your response.

Sincerely,

John Proctor Child

62

**Exhibit AA-10:  Email from Respondent James Allen to Petitioner John Child RE: Nearly 12,000 Delco Registrants who No Longer Live In Penna ... Formal Lawful Notice of Ineligible Voter Registrations and Request for Action, Date: September 30th, 2024**

---

**Allen, Jim** <AllenJ@co.delaware.pa.us>

Sent: Mon, Sep 30, 2024, at 2:57 PM

To: John P Child <johnbuysproperty@gmail.com>

Cc: PA Senator Amanda Cappelletti <cappelletti@pasenate.com>, "Reuther, Christine" <ReutherC@co.delaware.pa.us>, "Womack, Richard" <WomackR@co.delaware.pa.us>, "Madden, Kevin" <MaddenK@co.delaware.pa.us>, "Schaefer, Elaine" <SchaeferE@co.delaware.pa.us>, "Taylor, Monica" <TaylorM@co.delaware.pa.us>, John McBlain <jmcblain@mbmlawoffice.com>, DelcoElection <DelcoElection@co.delaware.pa.us>, ashley Lunkenheimer <alunkenheimer@icloud.com>, "Stollsteimer, Jack" <StollsteimerJ@co.delaware.pa.us>

Dear John P. Child,

This request for the launch of a systematic removal of voters, after the federally mandated 90-day quiet period began, and  with no official individual challenges to registrations, was discussed at length at an open meeting in August. In sum, the actions you are requesting would constitute violations of varied state and federal laws on voter-list maintenance. These are laws that the election staff are sworn to uphold.

As with the email you submitted earlier today about a long-standing law on challenging mail ballots, changing the voter-list  maintenance laws that have been in effect for 31 years would require action by the legislature, namely Congress.

Thank you for the opportunity to be of assistance.

**James P. Allen**

Elections Director

Delaware County, Pennsylvania

**Exhibit AA-11:  Follow-Up Email and Letter to James Allen Regarding Lack of Corrective Action Date: September 30, 2024**

This email reiterated the concerns regarding unqualified electors on the voter rolls. Despite receiving multiple communications, Respondents had not taken any substantive action to address the ongoing violations, prompting further follow-up.

---

From: John P Child <johnbuysproperty@gmail.com>
Sent: Thursday, October 3, 2024, 12:54 PM
To: Allen, Jim <AllenJ@co.delaware.pa.us>

Cc: ashley lunkenheimer <alunkenheimer@icloud.com>; DelcoElection <DelcoElection@co.delaware.pa.us>; John McBlain <jmcblain@mbmlawoffice.com>; Taylor, Monica <TaylorM@co.delaware.pa.us>; Schaefer, Elaine <SchaeferE@co.delaware.pa.us>; Reuther, Christine <ReutherC@co.delaware.pa.us>; Womack, Richard <WomackR@co.delaware.pa.us>; Madden, Kevin <MaddenK@co.delaware.pa.us>; Stollsteimer, Jack <StollsteimerJ@co.delaware.pa.us>; Steve Deace <steve@stevedeace.com>; DVJ Editor <dvjeditor@insidesources.com>; Broad + Liberty <Editors@broadandliberty.com>; Dan Perkins <dperk1433@gmail.com> Subject: (EXTERNAL) [External] Oct 1 Follow Up to Director Allen's response to our "Formal Lawful Notice of Ineligible Voter Registrations and Request for Action"

Dear Mr. Allen (Director of Delaware County PA Elections),

Attached is our follow up to your response to our Sept 27 "Formal Lawful Notice of Ineligible Voter Registrations and Request for Action"

We appreciate your time and your patience with this very important matter.

- Elected Precinct Committeeman, Radnor Twp 7-2, John P Child
- Elected Precinct Committeewoman, Upper Darby Twp 3-3, Joy Schwartz
- Elected Precinct Committeeman, Springfield 2-2, Paul Rumley
- Elected Precinct Committeewoman, Edgemont 2-5 & Candidate for PA House 168, & Kathryn Buckley
- Endorsed GOP Candidate for US House 5th Congressional District , Dr Alfeia DeVaughn-Goodwin, PhD

**ATTACHMENT**

John Proctor Child
Elected, Precinct Committeeman, Radnor Twp 7-2 Member, Delaware County
Election Deep Diver
Garrett Hill PA. 19010 JohnBuysProperty@Gmail.com * 610-203-6458

John Proctor Child
308 Rockingham Road
Bryn Mawr, PA 19010
JohnBuysProperty@gmail.com
610-203-6458

September 30, 2024

James P. Allen, Director of Elections
Delaware County Bureau of Elections
2501 Seaport Drive
Suite BH 120
Chester, PA 19063

Re: Clarification Regarding Challenge Process and Fees

Dear Mr. Allen,

Thank you for your response and for referencing 25 P.S. 3146.8(f). However, I believe there may be some misunderstanding regarding the process discussed at the recent Board of Elections (BOE) meeting. The law you referenced relates to challenges filed in Harrisburg, whereas the discussion during the BOE meeting concerned a separate $15 fee and a new form specific to Delaware County, which would not be available online.

To clarify, my concerns are not related to the $10 fee and online form that has existed for challenges under Pennsylvania law, but rather the new fee structure and procedural changes proposed at the county level. As stated at the BOE meeting, this new process involves a form that is not yet available and was to be implemented by the Council five days following the meeting, with a fee of $15—not the $10 fee mentioned in the established process.

As discussed in the BOE meeting, the proposed process introduces new barriers for residents seeking to challenge ineligible voters, particularly in the case of mass challenges. Delaware County currently faces issues with hundreds and potentially thousands of dual-registered individuals, and filing separate requests for each individual is both impractical and ineffective. While no one in Delaware County has

65

filed an MIB challenge in recent years, this is not due to a lack of interest, but rather the inadequacy of the current system to handle large-scale issues.

Moreover, as you referenced the PA Election Code, it is important to note that the Code was created at a time when mail-in ballots did not exist. The system in place is therefore ill-equipped to address the large-scale challenges presented by MIBs today, and I strongly urge that the new procedural changes proposed be reconsidered in compliance with existing PA statute and without placing additional unreasonable demands on citizens beyond what the statute already requires, especially with the election just weeks away.

Thank you for your attention to this matter. I look forward to your response.

Sincerely,
John Proctor Child

66

**Exhibit AA-12:  Email from Respondent James Allen to Petitioner John Child RE: Nearly 12,000 Delco Registrants who No Longer Live In Penna ... Formal Lawful Notice of Ineligible Voter Registrations and Request for Action, Date: September 30th, 2024**

---

From: **Allen, Jim** AllenJ@co.delaware.pa.us

Sent: Thu, Oct 3, 2024 at 2:52 PM

To: John P Child <johnbuysproperty@gmail.com>

Cc: ashley lunkenheimer <alunkenheimer@icloud.com>, DelcoElection <DelcoElection@co.delaware.pa.us>, John McBlain<jmcblain@mbmlawoffice.com>, "Taylor, Monica" <TaylorM@co.delaware.pa.us>, "Schaefer, Elaine"<SchaeferE@co.delaware.pa.us>, "Reuther, Christine" <ReutherC@co.delaware.pa.us>, "Womack, Richard"<WomackR@co.delaware.pa.us>, "Madden, Kevin" <MaddenK@co.delaware.pa.us>, "Stollsteimer, Jack"<Stollsteimer@co.delaware.pa.us>, Steve Deace <steve@stevedeace.com>, DVJ Editor <dvjeditor@insidesources.com>,Broad + Liberty <Editors@broadandliberty.com>, Dan Perkins <dperk1433@gmail.com>

Dear John P. Child,

Yet again, you are requesting actions that are forbidden under federal law – as well as forbidden by Pennsylvania's Election Code.

First, the 90-day quiet period under HAVA is in effect and has been in effect since Aug. 7. Contrary to your claims, that provision specifically prohibits systematic or programmatic voter purges of the sort you are seeking. Remarkably, your letter contains one sentence in which you claim to respect the law and then ask us to ignore it based on the age of your data.

Next, the 90-day quiet period has exceptions like notifications *from the voters* seeking to cancel their registrations or notifications received by the election authority that the voters have died. Your demands fit neither of these situations.

Your demands also do not comply with Pennsylvania Election Code, which that requires one challenge form per voter being challenged, and that the challenger be a voter from the same municipality as the registration that is being challenged. That state law also states that the challenge must be submitted on a form prescribed by the Department of State. The DoS form requires that it be signed by the challenger and that it be notarized. You have submitted no such forms.

67

In sum, I wrote earlier that to revise HAVA, you would need to start with Congress. To that, you responded that state laws also are involved. Those state laws, however, also prohibit your requests. So you would need to work with state lawmakers in addition to working with Congress to change these long-established laws.

Jim

**Exhibit AA-13:  Legal Notice of Ineligible Voter Registrations and Request for Action from Petitioner Child to Respondent Allen, Date: October 1st, 2024**

**John Proctor Child**
Elected Republican Committeeman, Radnor 7-2
308 Rockingham Road
Bryn Mawr, PA 19010
610-203-6458
JohnBuysProperty@gmail.com
**Euphrosyne (Joy) Schwartz**
Elected Republican Committeewoman, Upper Darby 3-3
[jschwartzpro@gmail.com]
**Paul Rumley**
Elected Republican Committeeman, Springfield 2-2
[perumley@gmail.com]
**Kathryn Buckley**
Candidate for Pennsylvania State Representative, 168th Legislative District
Elected Republican Committeewoman, Edgemont 2-5
[kathy1070@comcast.net]
**Dr. Alfeia DeVaughn-Goodwin, PhD.**
Candidate for United States Representative for Pennsylvania, 5th Congressional
District
[alfeia@mail.com]

**October 1, 2024**

**James P. Allen, Director of Elections**
Delaware County Bureau of Elections
2501 Seaport Drive
Suite BH 120
Chester, PA 19063
allenj@co.delaware.pa.us

**Re: Follow Up to Formal Lawful Notice of Ineligible Voter Registrations
and Request for Action**

**Dear Mr. Allen,**
Thank you for your prompt response regarding our letter on voter-list maintenance.
While we understand the need to adhere to state and federal laws, we believe it is
essential to clarify a few key points that were perhaps misunderstood or not fully
addressed in your reply:

1. **Once Residents Move Out of Pennsylvania, They Are No Longer Subject to Pennsylvania's Election Laws:** Importantly, once individuals have moved out of Pennsylvania and established residency in another state—especially by registering to vote elsewhere—they are no longer subject to the protections provided by Pennsylvania law, including the 90-day quiet period. The 90-day rule is meant to protect eligible voters, but individuals who have registered in another state have, by their own action, demonstrated their ineligibility to vote in Pennsylvania. Therefore, removing them from the voter rolls, even during the quiet period, does not violate the intent of the NVRA.

2. **Timing of the 90-Day Quiet Period:** In addition, while we respect the federally-mandated 90-day quiet period before federal elections, the data we submitted on August 10, 2024, reflects information from well before this period began. The registrants in question have not resided in Pennsylvania for a significant period, as demonstrated by NCOA data and verified through ERIC, indicating that many are now registered in other states. We are not asking for a violation of federal law but rather timely action that the data necessitates, which would ensure compliance with both state and federal requirements.

3. **Legal Responsibility under Pennsylvania Law:** While federal law provides guidelines, Pennsylvania state law, specifically 25 Pa.C.S. § 1901, places the responsibility for maintaining accurate voter rolls on the county. It is not simply a matter for Congress. In the case of voters registered in other states, their eligibility in Pennsylvania should be revoked promptly, and waiting until after an election, when the harm may already be done, would be contrary to both state law and the intent of the NVRA.

4. **Proposed Action Does Not Violate the 90-Day Quiet Period:** The proposed action to set aside mail-in ballots from individuals who are no longer residents of Pennsylvania—until their eligibility can be verified post-election—and to remove those who are deemed ineligible before certification does not violate the 90-day quiet period. This period pertains to systematic voter-list maintenance but does not prohibit post-election verification of voter eligibility or the appropriate removal of ineligible votes before certification.

5. **Mail-in Ballot (MIB) Requests:** We remain concerned about mail-in ballot approvals for individuals who no longer reside in the state. You've referenced long-standing laws concerning MIB challenges, but these must be viewed in light of the data that clearly shows ineligibility. It is not merely about voter registration but rather whether those on your current rolls are still Pennsylvania residents and therefore qualified to receive a ballot under Pennsylvania's laws.

70

6. **Election Integrity and Voter Confidence:** Election integrity and public confidence rely on ensuring that only eligible voters participate. The failure to remove ineligible voters from the rolls or prevent MIBs from being issued to out-of-state residents creates significant risks for all voters, candidates, and the democratic process itself.

We appreciate your consideration of these points and trust that they provide further clarification on our requests. We remain open to further discussion and would appreciate an update on any actions taken concerning the data we provided.

We look forward to continuing to work together to ensure the integrity of the upcoming elections.

Sincerely,

**John Proctor Child**
**Euphrosyne (Joy) Schwartz**
**Paul Rumley**
**Kathryn Buckley**
**Dr. Alfeia DeVaughn-Goodwin, PhD**

**CC:**
Delaware Valley Journal
Broad and Liberty
John I. Kane, State Senator for the 9th Senatorial District of Pennsylvania
Amanda Cappelletti, State Senator for the 17th Senatorial District of Pennsylvania
Timothy Kearney, State Senator for the 26th Senatorial District of Pennsylvania
Craig Williams, State Representative for the 160th Legislative District of Pennsylvania
Mike Zabel, State Representative for the 163rd Legislative District of Pennsylvania
Lisa Borowski, State Representative for the 168th Legislative District of Pennsylvania
Jennifer O'Mara, State Representative for the 165th Legislative District of Pennsylvania
Michelle Henry, Attorney General of Pennsylvania
Al Schmidt, Secretary of the Commonwealth of Pennsylvania
Ashley Lunkenheimer, Chair, Delaware County Board of Elections
Scott Alberts, Member, Delaware County Board of Elections
John M. McBlain, Member, Delaware County Board of Elections
Monica Taylor, Chair, Delaware County Council
Elaine Paul Schaefer, Vice Chair, Delaware County Council
Christine A. Reuther, Member, Delaware County Council
Richard Womack, Member, Delaware County Council

Kevin Madden, Member, Delaware County Council
Jack Stollsteimer, Delaware County District Attorney

**Exhibit AA-14:  Legal Notice of Failure to Act on Fiduciary Duties and Election Law Violations to Delaware County Council, Date: October 1st, 2024**

**John Proctor Child**
Elected Republican Committeeman, Radnor 7-2
308 Rockingham Road
Bryn Mawr, PA 19010
610-203-6458
JohnBuysProperty@gmail.com

**Euphrosyne (Joy) Schwartz**
Elected Republican Committeewoman, Upper Darby 3-3
[jschwartzpro@gmail.com]

**Paul Rumley**
Elected Republican Committeeman, Springfield 2-2
[perumley@gmail.com]

**Kathryn Buckley**
Candidate for Pennsylvania State Representative, 168th Legislative District
Elected Republican Committeewoman, Edgemont 2-5
[kathy1070@comcast.net]

Dr. Alfeia DeVaughn-Goodwin, PhD.
Candidate for United States Representative for Pennsylvania, 5th Congressional District
[alfeia@mail.com]

**October 1, 2024**

**Dr. Monica Taylor, Chair Delaware County Council**
**Government Center Building**
**201 W Front Street**
**Media, PA 19063-2728**

Ashley Lunkenheimer, Chair, Delaware County Board of Elections
Scott Alberts, Member, Delaware County Board of Elections

John M. McBlain, Member, Delaware County Board of Elections
James P. Allen, Director of Elections, Delaware County Bureau of Elections
Elaine Paul Schaefer, Vice Chair, Delaware County Council
Christine A. Reuther, Member, Delaware County Council
Richard Womack, Member, Delaware County Council
Kevin Madden, Member, Delaware County Council

**Re: Legal Notice – Failure to Act on Fiduciary Duties and Election Law Violations**

Dear Dr. Taylor, Mr. Allen, and Members of the Delaware County Council and Board of Elections,

We are writing to bring to your attention serious failures in fulfilling your fiduciary responsibilities and ensuring compliance with both state and federal election laws. These failures, if not immediately addressed, will necessitate legal action, including but not limited to filing a Writ of Mandamus to compel adherence to your legal duties.

**Violations of the Pennsylvania Election Code and Fiduciary Duty**

It is imperative to note that 25 Pa.C.S. § 1901 and 25 P.S. § 3146.1 place the burden of maintaining accurate voter rolls squarely on the Delaware County Board of Elections. Recent data from the National Change of Address (NCOA) and Electronic Registration Information Center (ERIC) reveals that approximately 12,000 voters who no longer reside in Pennsylvania remain on the Delaware County voter rolls. Furthermore, mail-in ballots (MIBs) have been approved for some of these individuals, even though they are registered in other states and/or are no longer qualified electors under Section 1300 of the Pennsylvania Election Code (25 P.S. § 3146.1).

**Information Available Before the Quiet Period**

While our formal notification to the Delaware County Board of Elections was sent on August 10th, 2024, within the 90-day quiet period under the National Voter Registration Act (NVRA, 52 U.S.C. § 20507), it's important to stress that the information was already publicly available and should have been acted upon well before this period began. Dual registration data shows that many of these voters registered in other states months or even years before our communication, highlighting a sustained failure by the Board to maintain accurate voter rolls despite access to public records and tools like ERIC.

73

The timing of my letter should not serve as an excuse for inaction but as a call to rectify a breach that occurred long before. The Board was obligated to address these violations as soon as the data became available.

**Out of State Residents Are No Longer Subject to Pennsylvania's Election Laws**

It is also critical to emphasize that once individuals have moved out of Pennsylvania and established residency in another state—especially by registering to vote elsewhere—they are no longer subject to the protections provided by Pennsylvania election laws, including the 90-day quiet period. The 90-day rule is intended to protect eligible voters, but individuals who have registered to vote in another state have, by their own actions, demonstrated their ineligibility to vote in Pennsylvania. Therefore, removing them from the voter rolls, even during the quiet period, does not violate the intent of the NVRA.

Under both state and federal law, dual registrations—where individuals have registered in other states—require immediate removal, irrespective of the quiet period. We understand that 52 U.S.C. § 20507 mandates that voters must be maintained for two federal election cycles unless there's evidence of ineligibility. However, this rule does not apply to voters registered in other states or those clearly no longer residing in Delaware County. Based on ERIC and NCOA data, the individuals in question meet these disqualifying criteria, and the Board had a clear legal obligation to act.

**Fiduciary Responsibility and Civil Rights Concerns**

As fiduciaries responsible for the administration of elections, the Delaware County Council and Board of Elections have a duty to act in good faith and in the best interest of the voters. Allowing known ineligible voters to remain on the rolls and to receive mail-in ballots not only violates your legal obligations but also constitutes a breach of your fiduciary duty. This breach can result in both civil and criminal liability.

By failing to act, the Council and the Board are placing the integrity of the November 5, 2024 election at risk and undermining public confidence. Further, by allowing ineligible voters to cast ballots, you are infringing upon the civil rights of Delaware County voters, specifically violating the Equal Protection Clause of the 14th Amendment and the Voting Rights Act of 1965. The dilution of lawful votes by ineligible voters constitutes direct harm to voters and candidates alike.

**Legal Basis for Mandamus Action**

Should the Delaware County Board of Elections continue to neglect its fiduciary responsibilities, we intend to pursue a Writ of Mandamus compelling immediate compliance with state and federal election laws. A Writ of Mandamus is an appropriate remedy when public officials fail to fulfill their mandatory duties, and your fiduciary responsibilities to ensure fair and lawful elections fall squarely within this mandate.

Your fiduciary duty, as defined under Pennsylvania law, includes the obligation to maintain accurate voter rolls, to ensure that only qualified electors participate in the election process, and to act promptly when presented with data showing clear violations. The failure to act on the information provided regarding dual-registered voters is not only negligent but also a breach of these fiduciary duties.

**Immediate Corrective Actions Requested**

To avoid the need for legal action, we formally request that you take the following corrective actions immediately:

1. Remove Ineligible Voters from the Rolls: Utilize the data provided by NCOA, USPS, and ERIC to immediately remove voters who no longer reside in Pennsylvania or who are registered in other states. This must be done irrespective of the 90-day quiet period, as dual registration is not protected under NVRA guidelines.
2. Stop Sending Mail-In Ballots to Ineligible Voters: Cease approval of any absentee or mail-in ballots for individuals who are no longer residents of Delaware County. Failure to prevent this practice will result in a violation of the Pennsylvania Election Code and a breach of your fiduciary responsibilities.
3. Set Aside Ballots from Questionable Registrants: Ensure that any mail-in or absentee ballots from voters whose eligibility is in question are set aside for post-election review, pending verification of their residency and eligibility status.

**Legal Consequences for Continued Noncompliance:**

Should you fail to act in accordance with your legal obligations, I will have no choice but to consider pursuing one or more of the following actions:

1. Filing a Writ of Mandamus to compel the Delaware County Board of Elections to comply with state and federal election laws.

2. Seeking Civil and Criminal Investigations into breaches of fiduciary duty and violations of election law.

3. Pursuing Civil Rights Litigation under the Equal Protection Clause and the Voting Rights Act for disenfranchisement and dilution of lawful votes.

4. Filing a Bill of Complaint to address broader systemic fiduciary breaches and to seek long-term accountability and legal remedies for continued noncompliance.

**Conclusion**

Given the gravity of the situation and the clear legal mandates, We urge you to act immediately to correct these issues. The integrity of the November 2024 election and the confidence of the voters depend on your adherence to these legal obligations. We request a formal update on the actions being taken to address this matter.

Thank you for your attention to this important matter.

Sincerely,

**John Proctor Child**
**Euphrosyne (Joy) Schwartz**
**Paul Rumley**
**Kathryn Buckley**
**Dr. Alfeia DeVaughn-Goodwin, PhD**

CC:
Delaware Valley Journal
Broad and Liberty
John I. Kane, State Senator for the 9th Senatorial District of Pennsylvania
Amanda Cappelletti, State Senator for the 17th Senatorial District of Pennsylvania
Timothy Kearney, State Senator for the 26th Senatorial District of Pennsylvania
Craig Williams, State Representative for the 160th Legislative District of Pennsylvania
Mike Zabel, State Representative for the 163rd Legislative District of Pennsylvania
Lisa Borowski, State Representative for the 168th Legislative District of Pennsylvania
Jennifer O'Mara, State Representative for the 165th Legislative District of Pennsylvania
Michelle Henry, Attorney General of Pennsylvania

Al Schmidt, Secretary of the Commonwealth of Pennsylvania
Jack Stollsteimer, Delaware County District Attorney

**Exhibit AA-15:  Letter from John P. Child to Respondents Re: Follow Up to Formal Lawful Notice of Ineligible Voter Registrations and Request for Action, Date: October 6th, 2024**

---

**Docusign Envelope ID**: 9B09B141-C5BC-4155-8349-FBDBBDAA057A

John Proctor Child
Elected Republican Committeeman, Radnor 7-2 308 Rockingham Road
Bryn Mawr, PA 19010 610-203-6458
JohnBuysProperty@gmail.com

Euphrosyne (Joy) Schwartz
Elected Republican Committeewoman, Upper Darby 3-3 [jschwartzpro@gmail.com]

Paul Rumley
Elected Republican Committeeman, Springfield 2-2 [perumley@gmail.com]

Kathryn Buckley
Candidate for Pennsylvania State Representative, 168th Legislative District
Elected Republican Committeewoman, Edgemont 2-5 [kathy1070@comcast.net]

Dr. Alfeia DeVaughn-Goodwin, PhD.
Candidate for United States Representative for Pennsylvania, 5th Congressional District [alfeia@mail.com]

October 6, 2024

James P. Allen, Director of Elections Delaware County Bureau of Elections 2501 Seaport Drive
Suite BH 120
Chester, PA 19063 allenj@co.delaware.pa.us

Re: Follow Up to Formal Lawful Notice of Ineligible Voter Registrations and Request for Action

Dear Mr. Allen,

Thank you for your latest response. However, we believe that the facts and legal grounds we have provided remain clear and unchanged, despite your continued insistence on focusing on procedural barriers. Your interpretation of the law does not change the fundamental issues we have raised regarding residency and mail-in ballots (MIBs), and we believe further correspondence on this matter is unnecessary.

78

To summarize:

**MIB Eligibility vs. Absentee Ballots:**
Residents of Pennsylvania who are temporarily outside the state should apply for absentee ballots, not MIBs. Mail-in ballots are reserved for in-state voters, and your office has a duty to ensure that only current Pennsylvania residents receive MIBs. This requires more than merely checking voter registration; it necessitates verification of current residency.

**Residency is Key to Voter Eligibility:**
Regardless of the 90-day quiet period, individuals who have registered to vote in other states or who no longer reside in Pennsylvania should not receive MIBs. Your responses so far have failed to address the critical distinction between voter registration and current residency.

**You Have Been Legally Notified:**
At this point, we have provided ample notification of these legal issues. The continued presence of non-residents on the voter rolls, as well as the issuance of MIBs to ineligible individuals, poses a serious risk to the integrity of the election. We have presented clear evidence and a legal basis for action, and we believe the responsibility for any further inaction falls squarely on your office.

In closing, we view this as the final communication on this matter unless meaningful action is taken. We reserve the right to pursue any and all legal remedies available to ensure compliance with state and federal election laws.

Sincerely,
John Proctor Child Euphrosyne (Joy) Schwartz
10/6/2024
Paul Rumley
Kathryn Buckley
Dr. Alfeia DeVaughn-Goodwin, PhD

10/6/2024

CC:
Delaware Valley Journal Broad and Liberty
John I. Kane, State Senator for the 9th Senatorial District of Pennsylvania
Amanda Cappelletti, State Senator for the 17th Senatorial District of Pennsylvania
Timothy Kearney, State Senator for the 26th Senatorial District of Pennsylvania
Craig Williams, State Representative for the 160th Legislative District of
Pennsylvania Mike Zabel, State Representative for the 163rd Legislative District of

Pennsylvania Lisa Borowski, State Representative for the 168th Legislative District of Pennsylvania
Jennifer O'Mara, State Representative for the 165th Legislative District of Pennsylvania Michelle Henry, Attorney General of Pennsylvania
Al Schmidt, Secretary of the Commonwealth of Pennsylvania Ashley Lunkenheimer, Chair, Delaware County Board of Elections Scott Alberts, Member, Delaware County Board of Elections
John M. McBlain, Member, Delaware County Board of Elections Monica Taylor, Chair, Delaware County Council
Elaine Paul Schaefer, Vice Chair, Delaware County Council Christine A. Reuther, Member, Delaware County Council Richard Womack, Member, Delaware County Council Kevin Madden, Member, Delaware County Council
Jack Stollsteimer, Delaware County District Attorney

**Exhibit AA-16:  Letter from John P. Child to Respondents Re: Legal Notice – Failure to Comply with Pennsylvania Election Law and Unlawful Observer Restrictions for Logic and Accuracy Testing, Date: October 7th, 2024**

---

**Docusign Envelope ID**: 3CD15183-3194-4AF5-B3C2-547595FA65C4

**John Proctor Child**
Elected Republican Committeeman, Radnor 7-2 308 Rockingham Road
Bryn Mawr, PA 19010 610-203-6458
JohnBuysProperty@gmail.com

**Euphrosyne (Joy) Schwartz**
Elected Republican Committeewoman, Upper Darby 3-3 [jschwartzpro@gmail.com]

**Paul Rumley**
Elected Republican Committeeman, Springfield 2-2 [perumley@gmail.com]

**Kathryn Buckley**
Candidate for Pennsylvania State Representative, 168th Legislative District
Elected Republican Committeewoman, Edgemont 2-5 [kathy1070@comcast.net]

**Dr. Alfeia DeVaughn-Goodwin, PhD.**
Candidate for United States Representative for Pennsylvania, 5th Congressional
District [alfeia@mail.com]

October 7, 2024

Dr. Monica Taylor, Chair, Delaware County Council Government Center Building
201 W Front Street Media, PA 19063-2728
Ashley Lunkenheimer, Chair, Delaware County Board of Elections
Scott Alberts, Member, Delaware County Board of Elections
John M. McBlain, Member, Delaware County Board of Elections
James P. Allen, Director of Elections, Delaware County Bureau of Elections
Elaine Paul Schaefer, Vice Chair, Delaware County Council
Christine A. Reuther, Member, Delaware County Council
Richard Womack, Member, Delaware County Council
Kevin Madden, Member, Delaware County Council

**Re: Legal Notice – Failure to Comply with Pennsylvania Election Law and
Unlawful Observer Restrictions for Logic and Accuracy Testing**

Dear Dr. Taylor, Mr. Allen, and Members of the Delaware County Council and Board
of Elections,

We are writing to express significant concerns regarding the restrictions and inconsistencies in public observation during the Logic and Accuracy (L&A) testing of election machines. These practices, as currently enforced, not only limit public access but fail to comply with Pennsylvania Election Law. Our concerns, outlined below, include arbitrary restrictions on observers, inconsistent enforcement of rules, limitations on visibility and documentation tools, inconsistencies across different testing phases and failure to provide adequate public notice of rules and deadlines. We believe these issues must be addressed promptly to ensure transparency and public confidence in the election process.

Below, we detail the relevant laws that govern these processes, alongside specific concerns with the current practices.

**Pennsylvania Election Code, Section 310, 25 P.S. § 2650**
*Any party or political body or body of citizens which now is, or hereafter may be, entitled to have watchers at any registration, primary, or election, shall also be entitled to appoint watchers who are qualified electors of the county or attorneys to represent such party or political body or body of citizens at any public session or sessions of the county board of elections, and at any computation and canvassing of returns of any primary or election and recount of ballots or recanvass of voting machines under the provisions of this act. Such watchers or attorneys may exercise the same rights as watchers at registration and polling places, but the number who may be present at any one time may be limited by the county board to not more than three for each party, political body, or body of citizens.*

**Pennsylvania Election Code, 25 P.S. § 2642(f)**
*The county board of elections may make regulations, not inconsistent with law, as it may deem necessary for the guidance of voting machine custodians, elections officers, and electors. The county board of elections shall make and issue such rules and regulations, not inconsistent with law, as will be necessary for the conduct of elections and primaries and for the preparation and counting of ballots and the tabulation of votes, and for the use of voting machines in districts in which they are used. The county board may also make reasonable rules and regulations concerning the conduct of those members of the public who desire to attend such computation of returns as are required to be made public by the provisions of this act, but such rules shall not deny to any member of the public the right to be present.*

**2024 PA Directive on Logic & Accuracy Testing (Excerpts)**
*Under Section 1110-A(d) of the Election Code, 25 P.S. § 3031.10(d), no later than forty (40) days before an election, the county election board must mail a written notice stating the date, time, and location when L&A testing will begin to:*
- *The chairman of each political party recognized to participate in a primary election within the county; and*

- *The chair or presiding officer of any citizens 'organization which has registered its name and address at least fifty (50) days before such election.*

*Further, county boards should provide at least forty-eight (48) hours 'notice to the public of the time and place of the test to provide the public an opportunity to attend. The public notice:*

- *May be placed in a newspaper or legal publication that has a countywide distribution;*
- *Should outline the starting time and location of the testing; and*
- *Need not include an ending time for the testing.*

*The preparation and testing of voting equipment must be open to the public to observe; however, such members of the public shall not in any manner interfere with the preparation and testing of the voting equipment units. To prevent any interference by the public when observing, the county may make reasonable rules and regulations concerning the conduct of those members of the public who wish to observe. These rules shall not prevent members of the public from fairly observing and should be published after public approval by the elections board subject to 25 P.S. § 2642(f).*

*As described above in section 3.1, the county board of elections may establish reasonable rules and regulations for public observation of L&A testing. The board must also be available during the first day of preparation, at the beginning of the day or for the first hour of public observation, to explain the process and respond to questions. The following practices must be observed:*

- *Administer an oath to those persons conducting the L&A tests who are not permanent elections staff.*
- *Establish an area where the public can observe the process.*
- *Allow only election officials and those conducting tests into the testing area.*
- *Prohibit the photo copying of any testing reports or other materials.*
- *Prohibit photographic and audio equipment, including cellphone cameras, from being used to record security seals or serial numbers. While the news media may report on the testing process, counties must ensure that security seals, serial numbers, locks, and other details concerning security measures are not recorded or displayed.*

**Concerns Regarding Current Practices and Legal Violations**

**1. Restrictions on Public Access and the One-Observer Rule**

The current restriction limiting watchers to only one per party or group during L&A testing directly contradicts Pennsylvania law. 25 P.S. § 2650, which clearly permits up to three watchers per group at public election sessions, including L&A testing. The arbitrary limitation to one watcher undermines public transparency and restricts meaningful oversight, especially for smaller groups or unaffiliated individuals. These citizens, without group affiliation, are effectively excluded from observing the process.

The intent of the law is clear: public access must be equitable and inclusive of both groups and individuals. Restricting access to one watcher violates the very principles of transparency that Pennsylvania Election Law seeks to uphold.

## 2. Inconsistent Enforcement of Watcher Rules and Deadlines:

The selective enforcement of rules and deadlines for watcher access is a serious concern. We understand that some groups were permitted to make last-minute changes to their watcher lists after the 50-day deadline, while others were denied this leniency. Moreover, there is no legal basis in the Pennsylvania Election Code for prohibiting individuals from representing more than one group. Such arbitrary and inconsistent enforcement violates the principles of fairness and transparency established by 25 P.S. § 2642(f). Furthermore, the selective application of rules prohibiting individuals from representing more than one group—without any legal basis—creates further inequity. This discrepancy in enforcement undermines the fairness of the process, particularly when these rules were not publicized on the official county website, as required for public transparency. Such selective enforcement erodes trust in the process and undermines the credibility of election procedures.

## 3. Restrictions on Visibility and Documentation Tools:

The prohibition of phones, binoculars, and personal belongings such as pocket books during L&A testing prevents observers from fully documenting or effectively viewing the process, directly undermining the purpose of public observation as required by 25 P.S. § 2642(f). In addition, critical information displayed on computer screens is not visible to observers, preventing them from verifying that the machines are being tested correctly. This includes confirming that optical scanners are not left in "test mode," which would invalidate the testing. Pennsylvania Election Law requires transparency in the testing process, and 25 P.S. § 2642(f) mandates that any rules must not prevent observers from fairly monitoring the procedure. The current restrictions on visibility and documentation fail to meet this legal standard. Moreover, the directive's prohibition against accessing serial numbers while still requiring observers to log these numbers creates an inconsistency that could further limit meaningful observation. If these restrictions prevent effective observation, they undermine the very purpose of public access. In such cases, Pennsylvania Election Law, which prioritizes transparency and public oversight, must take precedence. While the 2024 PA Directive allows counties to set "reasonable rules" to prevent interference, such rules must not impede fair observation. By prohibiting tools that aid visibility and documentation, the directive risks contradicting the law's core intent to ensure transparency in testing. Security measures must strike a balance that upholds the right to open observation without hindering election integrity or public confidence.

## 4. Inconsistency in Watcher Rules Between Testing Phases:

84

The observation rules for L&A testing should align with those applied to other phases, such as hash testing. 25 P.S. § 2642(f) mandates public transparency across all election procedures, yet the recently observed rules for L&A testing were significantly more restrictive than those for hash testing. This disparity creates confusion and undermines the Election Code's intent to ensure transparency throughout the election process. Such arbitrary limitations during L&A testing compromise public trust and are inconsistent with the law's provisions for open observation.

### 5. Public Notice of Rules and Deadlines:

The failure to provide adequate public notice, particularly on the Delaware County government website, constitutes a violation of 25 P.S. § 3514(d) of the Election Code, which requires that election-related notices, especially those regarding public sessions such as L&A testing, be made publicly available. Sole reliance on newspaper notices, in an age where most citizens depend on online sources for information, does not fulfill this legal requirement. The 2024 PA Directive further emphasizes the necessity for counties to provide notice, including online publication, to ensure transparency and enable public participation. Without easily accessible information regarding observer deadlines and rules, the public is deprived of their right to meaningfully engage in the oversight process, further eroding confidence in the election's transparency.

### Legal Consequences for Continued Noncompliance

The current restrictions fail to meet the legal standard of reasonableness and violate Pennsylvania Election Law by limiting public access, enforcing rules arbitrarily, and restricting visibility during the testing process. These actions not only violate the law but also erode public trust in the integrity of the elections.

We are prepared to pursue legal action should these unreasonable restrictions persist. These actions may include:

- Filing a Writ of Mandamus to compel the Delaware County Board of Elections to adhere to Pennsylvania Election Law and provide appropriate access to observers during L&A testing.
- Seeking Civil and Criminal Investigations into breaches of fiduciary duty and violations of election law by those responsible for these restrictions.
- Pursuing Civil Rights Litigation for disenfranchisement and violations of the Equal Protection Clause of the 14th Amendment if the continued restrictions result in unequal access to the election process.
- Filing a Bill of Complaint to address systemic issues and fiduciary breaches by Jim Allen, the members of Board of Elections and the members of the County Council, seeking accountability and legal remedies for long-term noncompliance.

### Requested Corrective Actions

To avoid these legal outcomes and ensure compliance with the law, we request the following corrective actions:

- **Remove Arbitrary Restrictions on Public Access:** Ensure that both individual citizens and groups are granted fair and reasonable access to observe L&A testing, in compliance with 25 P.S. § 2650. No group or individual should be unfairly restricted from fulfilling their role as watchers.
- **Standardize Observation Rules Across Testing Types:** Ensure uniformity in observation rules across all forms of election testing, so that all watchers have consistent opportunities to observe and document the process.
- **Revisit Restrictions on Phones, Binoculars, and Personal Belongings:** Allow watchers to use necessary tools to aid in observation and documentation, while maintaining reasonable safeguards for security under 25 P.S. § 2642(f).
- **Provide Clear Public Notice of Rules and Deadlines:** Ensure all rules, deadlines, and observer procedures are made publicly available on the Delaware County government website, as required by 25 P.S. § 3514(d), to guarantee fair and open participation.

We look forward to your prompt resolution of these issues and trust that you will take the necessary actions to protect public confidence in the integrity of Delaware County's election process.

Sincerely,
John Proctor Child
Euphrosyne (Joy) Schwartz
Paul Rumley
Kathryn Buckley
Dr. Alfeia DeVaughn-Goodwin, PhD    10/10/2024

CC:
Delaware Valley Journal Broad and Liberty
John I. Kane, State Senator for the 9th Senatorial District of Pennsylvania Amanda Cappelletti, State Senator for the 17th Senatorial District of Pennsylvania Timothy Kearney, State Senator for the 26th Senatorial District of Pennsylvania
Craig Williams, State Representative for the 160th Legislative District of Pennsylvania Mike Zabel, State Representative for the 163rd Legislative District of Pennsylvania Lisa Borowski, State Representative for the 168th Legislative District of Pennsylvania
Jennifer O'Mara, State Representative for the 165th Legislative District of Pennsylvania Michelle Henry, Attorney General of Pennsylvania
Al Schmidt, Secretary of the Commonwealth of Pennsylvania Jack Stollsteimer, Delaware County District Attorney

**Exhibit AA-17: Email from Petitioner John Child to Respondents Re: Delaware County Voting Machine Warehouse Official Withdraws Lawsuit Against Trump and Two Delaware County Poll Watchers, Date: October 10th, 2024**

From: John P Child <johnbuysproperty@gmail.com>

Sent: Thursday, October 10, 2024, 11:36:40 AM

To: Taylor, Monica <TaylorM@co.delaware.pa.us>; ashley lunkenheimer <alunkenheimer@icloud.com>; John McBlain <jmcblain@mbmlawoffice.com>; DelcoElection <DelcoElection@co.delaware.pa.us>; Madden, Kevin <MaddenK@co.delaware.pa.us>; Schaefer, Elaine <SchaeferE@co.delaware.pa.us>; Reuther, Christine <ReutherC@co.delaware.pa.us>; Womack, Richard <WomackR@co.delaware.pa.us>; Allen, Jim <AllenJ@co.delaware.pa.us>

Cc: Stollsteimer, Jack <StollsteimerJ@co.delaware.pa.us>; Steve Deace <steve@stevedeace.com>; DVJ Editor <dvjeditor@insidesources.com>; Broad+ Liberty <Editors@broadandliberty.com>; Dan Perkins <dperk1433@gmail.com>; Michael Graham <dvjnews@insidesources.com>; Hagan, Laureen T. <HaganLT@co.delaware.pa.us>; Winterbottom, Crystal <WinterbottomC@co.delaware.pa.us>

Subject: Re: Legal Notice - Failure to Comply with Pennsylvania Election Law and Unlawful Observer Restrictions for Logic and Accuracy Testing

Triple Header Today ...Head's UP!

Re: Legal Notice - Failure to Comply with Pennsylvania Election Law and Unlawful Observer Restrictions for Logic and Accuracy Testing

#1. This is going out by registered mail / return signature guarantee this afternoon... #2. attached: is the recent attorney suspension and

#3: attached: Judge's ruling... related to that defamation suit.

#4 Here's an article that led up to the suspension:

https://www.thegatewaypu ndit.com/2024/03/massive-win-trump-pa-voting-machine- warehouse-official/

***MASSIVE WIN FOR TRUMP IN PA: Voting Machine Warehouse Official Withdraws Lawsuit Against Trump and Two Local GOP Poll Watchers***

***Gregory Stenstrom and Leah Hoopes Regarding Election Fraud Claims in 2020 Presidential Election***

Thanks for your time and your patience. John

**Exhibit AA-18:  Email from Respondent Christine Reuther to Petitioner Child Re: Legal Notice - Failure to Comply with Pennsylvania Election Law and Unlawful Observer Restrictions for Logic and Accuracy Testing, Date: October 10th, 2024**

From: **Reuther, Christine** <ReutherC@co.delaware.pa.us>
Date: Thu, Oct 10, 2024, at 1:54 PM
Subject: Re: Legal Notice - Failure to Comply with Pennsylvania Election Law and Unlawful Observer Restrictions for Logic and Accuracy Testing

To: John P Child <johnbuysproperty@gmail.com>, Taylor, Monica <TaylorM@co.delaware.pa.us>, ashley lunkenheimer <alunkenheimer@icloud.com>, John McBlain <jmcblain@mbmlawoffice.com>, DelcoElection <DelcoElection@co.delaware.pa.us>, Madden, Kevin <MaddenK@co.delaware.pa.us>, Schaefer, Elaine <SchaeferE@co.delaware.pa.us>, Womack, Richard <WomackR@co.delaware.pa.us>, Allen, Jim <AllenJ@co.delaware.pa.us>

CC: Stollsteimer, Jack <StollsteimerJ@co.delaware.pa.us>, Steve Deace <steve@stevedeace.com>, DVJ Editor <dvjeditor@insidesources.com>, Broad+ Liberty <Editors@broadandliberty.com>, Dan Perkins <dperk1433@gmail.com>, Michael Graham <dvjnews@insidesources.com>, Hagan, Laureen T. <HaganLT@co.delaware.pa.us>, Winterbottom, Crystal <WinterbottomC@co.delaware.pa.us>

Mr. Child,

I fail to see what relevance a private legal action has to the County. As for the testing protocols, if you wish to challenge them, that is what the courts are for.

Please save yourself the postage on matters that constitute idle threats. There is no significance attached to "notices" that have no statutory or regulatory basis. As this email demonstrates, your messages have been received via email. They have also been intentionally ignored for reasons previously outlined for you in multiple emails.

I am glad you have found something to occupy your time.

Christine Reuther Delaware County Council Office: 610-891-4268
Email: reutherc@co.delaware.pa.us www.delcopa.gov